Royal Ins. Co. *v.* Vanderbilt Ins. Co.

---

ROYAL INS. CO. *v.* VANDERBILT INS. CO.

(*Jackson.*   April 15,  1899.)

1. FIRE INSURANCE. *Contract limitation does not apply, when.*

A printed stipulation in a policy of reinsurance, drawn up on the printed form ordinarily used for property insurance, limiting the time for commencement of. a suit on the policy to twelve months next after the loss, is not a part of the policy where there is attached a written slip stating that the insurance provided is a *pro rata* part of each and every item insured by the policy of the reinsured company.  (*Post, pp. 265–272.*)

Cases cited: 145 Mass., 419; 153 Mass., 63; 99 N. Y., 124.

2. SAME. *Contract limitation begins to run, when.*

The loss contemplated by a printed provision of a policy of reinsurance drawn up on the ordinary blank used for property insurance, limiting the time for the commencement of an action upon the policy to twelve months after loss, does not accrue, if the provision applies at all to such policy, until the reinsured company has paid the loss under the original policy issued by it.  (*Post, pp. 270, 271.*)

3. SAME. *Policy, how construed.*

The conflicting or doubtful provisions of an insurance policy are construed most strongly against the company issuing the policy.  (*Post, pp. 269, 270.*)

Cases cited: 95 U. S., 678; 111 U. S., 341; 127 U. S., 666.

---

FROM   SHELBY.

---

Appeal  from  Chancery  Court  of  Shelby  County. JNO. L. T. SNEED, Ch.

CARROLL & McKELLAR for Royal Ins. Co.

SMITH & TREZEVANT for Vanderbilt Ins. Co.

BEARD, J.   This is a suit on a policy of insurance.   The complainant company carrying a risk on cotton in a compress at Greenville, Texas, secured from the defendant a policy of insurance by which it undertook to underwrite the complainant to the extent of one-half its risk.   The cotton covered by the original policy was destroyed by fire on November 14, 1887, and proofs of loss were immediately furnished to the Royal Insurance Company, which company also notified the Vanderbilt Insurance Company. Controversy as to liability having arisen, litigation between the assured and the Royal Insurance Company ensued, and a final settlement with the owners of the cotton—the assured in the original policy— was not made until the year 1895.   After the settlement the reinsured was called upon by the complainant to make good its contract of indemnity by paying the *pro rata* of the loss sustained, and, declining to do so, the present bill was filed.   Recovery was in the Court below, and is now, resisted upon three grounds, first, the statute of limitations of six years; second, the contract limitation of twelve months, and, third, that proof of loss had not been furnished in time.   The Chancellor, upon the hearing of the cause, dismissed the bill, and complainant has appealed. ·

The original policy of insurance, issued by the

reinsurer, was lost or mislaid, but a copy of it was properly proven, and constitutes a part of the record. The form used for the purpose of this insurance was one that was primarily intended for the insurance of property, and an inspection of the instrument shows that none of the printed stipulations or conditions, save one, could apply to a contract of reinsurance. In order to give it application to such a contract, and to give the complainant the indemnity it sought, as is shown by the testimony of the secretary of the defendant, a slip was pasted upon the face of the policy, on which it was provided that the intention was to cover the complainant company's liability in its policy already issued on the cotton in question, followed by this clause: "It being hereby understood and agreed that such insurance is a *pro rata* part of each and every item insured by the policy of the reinsured company, and subject to the same risks, valuations, conditions, and mode of settlement as may be taken or assumed by said company, it being expressly agreed, however, that notice of any change in the risk, or additional privileges granted, shall be at once given to this company. Loss, if any, payable at the same time, in the same manner, and *pro rata* with the amount paid by said company."

The stipulation in the policy, on which the defendant relies for defense as a contract limitation, is as follows: "13. It is furthermore hereby expressly provided that no suit for the recovery of any claim,

by virtue of this policy, shall be sustainable unless such suit shall be commenced within twelve months next after the loss shall occur.''

A contract of reinsurance is peculiar in its character, and differs from the ordinary policy of insurance. It creates no privity between the reinsurer and the party originally insured (*Gantt* v. *Amer. Ins. Co.*, 68 Mo., 533); it is simply an agreement to indemnify the assured, partially or altogether, against a risk assumed by the latter in a policy issued to a third party (*Commercial Mut. Ins. Co.* v. *Detroit F. & M. Ins. Co.*, 38 Ohio St., 16).

In such a case ''the assured is not the owner of the property at risk,'' and has ''no relation to it except as insurer under the original policy.'' But in that relation the party issuing the original policy has an insurable interest which will support a contract intended to indemnify him against the hazard he has assumed. ''But manifestly,'' as is said in the *Manufacturers' Ins. Co.* v. *Western Ins. Co.*, 145 Mass., 419, ''many provisions appropriate to an ordinary agreement with the owner of property, for the insurance of it could have no proper application to a contract,'' such as the one in question. In the course of the opinion in that case, it is further said: ''Whenever words are found in a contract which can have no proper application to the subject to which it relates, they cannot be regarded; and not infrequently the careless use of printed blanks compels recognition of this rule.''

The policy sued on in that case was one of re-insurance, to a cempany which had issued its policy on mortgaged property. It contained a stipulation making void the policy, if, without the written consent of the company, the property insured should be sold or transferred, or there should be any change of title. The. mortgage or trust deed was foreclosed, and the property was bought by a third party, to whom, by the consent of the insurer, the original policy was transferred. Soon thereafter the property was injured by fire, and the original insurer having paid the loss, sued the reinsurer for his *pro rata* of this loss, when the latter set up as a defense the stipulation in his contract above referred to. In the face of that policy was written the same contract of indemnity as is found in the policy here sued on, and it was held that "this agreement rendered nugatory many printed portions of the policy in which it was inserted. This was special and peculiar, pertaining directly to the subject-matter of the contract, and it controlled those parts of the policy which were inconsistent with it," and among others, the stipulation relied on to defeat recovery. This principal was again announced and applied to a different state of facts by the same Court, in *Fanuel Hall Ins. Co.* v. *Liverpool Ins. Co.*, 153 Mass., 63.

In the case of *Jackson* v. *St. Paul Ins. Co.*, 99 N. Y., 124, the distinct question here involved was raised. One of the contentions of the reinsuring

company was that the action was barred by the limitation clause in the contract of reinsurance. The opinion of the Court of Appeals of New York was given by Danforth, J. Disposing of the contention, he said: ''The other objection rests upon a clause in the policy which provides that no action 'for recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery until after an award shall have been obtained, fixing the amount of such claim in the manner above provided, nor unless such suit or action shall be commenced within twelve months next ensuing after the loss shall occur.' This clause formed a part of a blank form intended as an ordinary contract of insurance, where the assured had an interest in the property, was required to make proof of the loss by fire, and submit his claims to arbitrators if required, and fulfill many other conditions in no respect applicable to a case where the perils of a contract of primitive insurance only are involved, and where the loss or damage is the amount of liability under it. Such is the contract under which the plaintiff claims, and his right to recover is unaffected by the stipulation.'' (Page 130.) May on Insurance, Sec. 12 (b).

But should we concede that the principle announced by those authorities is unsound, there is another ground upon which this particular defense must fail. It is well settled that when a policy of insurance contains contradictory provisions or has been

so framed as to make necessary a judicial construction, its own words will be taken most strongly against it. *First National Bank* v. *Hartford Ins. Co.*, 95 U. S., 678; *Moulen* v. *Am. L. Ins. Co.*, 111 U. S., 341; *Traveler Ins. Co.* v. *McConkey*, 127 U. S., 666.

Applying this rule to this policy of reinsurance, the Vanderbilt Company must fail on this point of its defense. Its contention is that the loss it insured against was a loss by fire. This is a mistake. It indemnified, to a limited extent, against the liability which the first insurer assumed by his contract, and, accepting this thirteenth clause or stipulation as a part of the contract, the loss which it refers to must be taken to be that which accrued to the party indemnified when it made payment to discharge its liability. This is the only construction which can be given to this stipulation to save the conditions of the policy from irreconcilable contradiction. For not only the slip already quoted, but the seventh clause or stipulation (this being the only one in the policy which in its original form refers to reinsurance) provides as follows: "Reinsurance to be on the basis that in no event will this company be liable for a sum greater than such portion hereby reinsured bears to the whole sum insured by the company reinsured, and in case of loss this company to pay *pro rata* at the same time and in the same manner as paid by the company reinsured."

If it be, as is now contended by the defendant company, that the loss which its policy covers was the loss by fire in 1887, and that was the beginning of the contract period of limitation, then this renders nugatory the obligation of the reinsurer to pay "at the same time and in the same manner" as does the reinsured. Such a construction would be to reverse the rule and interpret the contract most strongly against the assured.

Again, this was not the construction that either of these companies, during their dealings, put upon this contract. While the complainant notified defendant, immediately after the fire, of the loss, yet no formal proofs of loss or demand for reimbursement were then made. They were not made until after the complainant settled with the railroads in 1895. But complainant did give notice to the Vanderbilt Company of the resistance made by it to the payment of the loss, and that company clearly acquiesced in this resistance of its assured, because, as is said by its then secretary, Mr. Jones, it thought the position taken by the Royal Insurance Company was "a proper one to take."

In addition this witness said: "We granted reinsuring policies often to the Royal Insurance Company on its various risks, and my recollection is that, by the terms of these policies, we were subject to the same liabilities as that company was under its original policy, and we would settle our portion of the loss as they [it] settled under their

[its] policies, at the same time and in the same manner, and we were subject to the same adjustment, settlements, and agreements which it made. In short, we accepted, as a rule, one-half of their risks and assumed one-half of the obligations imposed, and our risks were to be settled as theirs, and when they finally settled their risks they made the adjustment and called upon us to pay our *pro rata.*"

Again, in 1890, Mr. Parker, who was at the time secretary of the defendant company, addressed a letter to the agents of the complainant company, in which he assured them that though his company was then in process of liquidation, yet the claim of complainant was being provided for. Thus it will be seen that the construction put by us on this policy is that which these companies all the time placed upon it, and the one which regulated their dealings with one another. We think this construction was sound, and it is evident in adopting it, as we do, we reach the merits of this case. It follows, as this bill was filed within three months of the payment of the loss by the complainant company, the defense of limitation is in no particular well taken. As to proofs of loss, it is sufficient to say that those furnished were sufficiently full, were such as it was the custom of the two companies to supply and receive, and were accepted by defendant company, so far as this record shows, without objection. There is, therefore, nothing in this contention.

Royal Ins. Co. *v.* Vanderbilt Ins. Co.

The decree of the Chancellor is reversed, and a decree will be entered here for $968.18, this being the aggregate of the amount due, and interest from dates of payment by company, and costs.