JAMES JACKSON, as Receiver, etc., Appellant, *v.* THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent.

The P. F. Ins. Co., having issued a policy of fire insurance to S., made application to defendant for a reinsurance of a portion of the risk, describing it as in the application to, and the policy issued by it. The application was granted and defendant issued its policy, which recited that it reinsured said company "on their interest as insurer under their policy" issued to S.; then followed in the language of the application a description of the property insured. A loss having occurred said company declined paying, and upon being sued gave defendant notice thereof; a judgment was obtained against it for the amount of loss claimed. In an action upon the policy of reinsurance, defendant claimed a misrepresentation in the description of the property insured. *Held,* untenable; that there was no representation by said company, save as to the risk taken by it, which was the sole object of the reinsurance and this was correctly stated; and when, therefore, the company was found legally liable upon its contract, it was not open

for defendant to question the liability, and it was at once bound to pay the reinsured such a proportion of the loss as the reinsurance bore to the sum originally insured.

·The blank form of policy used for the reinsurance was that of the ordinary policy of insurance and contained the conditions that no action could be maintained thereon until after an award made as specified, fixing the amount of the claim, nor unless commenced within twelve months after the loss. *Held*, that these conditions were not applicable to the contract of reinsurance, and plaintiff's right to recover was unaffected thereby.

(Argued April 13, 1885 ; decided May 5, 1885.)

APPEAL from order of the General Term of the Supreme Court, made May 16, 1884, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury and granted a new trial.

This action was brought by plaintiff, as receiver of the Paterson Fire Insurance Company, upon a policy of reinsurance. The material facts are stated in the opinion.

*Preston Stevenson* for appellant. No claim of breach of warranty is available to the defendant by reason of the alleged misdescription contained in the application and policy. ( *Woodruff* v. *Imp. F. Ins. Co.*, 83 N. Y. 133 ; 62 id. 64 ; May on Ins., § 591, note 2.; *Armour* v. *Trans. Co.*, 90 N. Y. 456.) Nothing is shown on which to base a defense of concealment of or omission to state facts material to the risk. (6 Cow. 673 ; *S. C.*, 7 Wend. 270 ; 7 N. Y. 370 ; 66 id. 464 ; *De Wolf* v. *F. Ins. Co.*, 20 Johns. 228.) No concealment is shown here because no fraudulent intent in the misdescription claimed is alleged or proved. (*Gates* v. *Mad. Co. Mut. Co.*, 5 N. Y. 474 ; *Rawles* v. *Am. Mut. L. Ins. Co.*, 27 id. 282 ; *Swift* v. *Mass. Mut. L. Co.*, 63 id. 186 ; *Browning* v. *Home Co.*, 71 id. 512.). Concealment cannot be charged concerning any thing unknown to the insured at time of procuring the risk. (May on Ins., § 200 ; *Chase* v. *Hamilton Co.*, 20 N. Y. 52; *Rohrback* v. *Germania Co.*, 62 id. 47 ; *Alexander* v. *Germania Co.*, 66 id. 464 ; *Tyler* v. *Ætna Co.*, 12 Wend. 507.) There was a sub-

stantially accurate and truthful description of the building. (*Fowler* v. *Ætna Co.*, 7 Wend. 270; May on Ins., §§ 174, 175; *Wall* v. *East River Co.*, 3 Seld. 370.) The contract of reinsurance is an original contract of indemnity between reinsurer and reinsured, and the latter can recover any amount of loss he can prove free from all claims of the original insured. (Emerig. on Ins. [L. & B.'s ed., 1850], chap. 8, § 14; May on Ins., §§ 9, 11; *Hustie* v. *De Peyster*, 3 Caines, 190; *Herckenrath* v. *Am. Mut. Ins. Co.*, 3 Barb. Ch. 63; *Eagle Co.* v. *Lafayette Co.*, 9 Ind. 443; *Merry* v. *Prince*, 2 Mass. 176; *Con'l Co.* v. *Detroit Co.*, 38 Ohio St. 11; 17 Wend. 359; *Yonkers* v. *Hoffman Co.*, 6 Robt. 316; *N. Y. Co.* v. *Protection Co.*, 1 Story, 458; Bigelow on Est. 84, 86; *Blasdale* v. *Babcock*, 1 Johns. 517; *Bell* v. *Dagg*, 60 N. Y. 528; *Thomas* v. *Hubbell*, 15 id. 405; *Ins. Co.* v. *Wilson*, 34 id. 275; *Chicago* v. *Robins*, 2 Black, 418; 4 Wall. 657; 6 Johns. 158; 7 id. 168; 4 Cow. 340; 1 Wend. 19; 12 id. 309; 3 Term R. 374; 2 Fla. 598; 34 N. H. 179; *Home* v. *Mut. Ins. Co.*, 3 Sandf. 137; 2 N. Y. 235; *Strong* v. *Phœnix Ins. Co.*, 62 Mo. 289; *Grant* v. *Am. Cent. Co.*, 68 id. 503; *Bowery Co.* v. *N. Y. Co.*, 17 Wend. 359; 64 N. Y. 648; 68 id. 434; 74 id. 360; 78 id. 568; 18 id. 392; 36 id. 550.) The defendant here is liable, by reason of the former action and judgment against the Paterson Company, and the payment thereof, because it has agreed to be liable in the event of such a recovery being had against the former company, and the payment thereof by it. (*Rapelye* v. *Prince*, 4 Hill, 123; *Thomas* v. *Hubbell*, 15 N. Y. 405; *Ins. Co.* v. *Wilson, supra;* S. P., *Fay* v. *Ames*, 44 Barb. 327; *N. Y. Co.* v. *Protection Co.*, 1 Story, 458; *Consolidated Real Estate Co.* v. *Cashow*, 41 Md. 59; *Norwood* v. *Resolute F. Co.*, 4 J. & S. 552; *Merry* v. *Prince*, 2 Mass. 176; *Yonkers Co.* v. *Hoffman Co.*, 6 Robt. 316.) It was not until some payment had been made that the reinsured company had any right of action against the defendant. (*Mayor, etc.*, v. *Hamilton Co.*, 39 N. Y. 45; *Hay* v. *Star Co.*, 77 id. 235; *Steen* v. *Niagara Co.*, 89 id. 315; *Blackstone* v. *Allemania Co.*, 56 id. 104; 32 id. 405; 47 id. 597; May on Ins., §§ 174–175.)

*N. B. Hoxie* for respondent. The property burned was not the property insured. (*Shepard* v. *Kain*, 5 Barn. & Ald. 240; *Chase* v. *Hamilton Co.*, 20 N. Y. 52; *Merwin* v. *Star F. Ins. Co.*, 7 Hun, 659; 72 N. Y. 603; *Lappin* v. *C. O. Ins. Co.*, 58 Barb. 325; *Sarsfield* v. *Met. Ins. Co.*, 61 id. 479; *Wall* v. *Ins. Co.*, 7 N. Y. 370; *Fowler* v. *Ætna Ins. Co.*, 6 Cow. 673.) The words "hard finished" in the policy were a warranty. (*Wall* v. *Ins. Co.*, 7 N. Y. 370; *Bryce* v. *Ins. Co.*, 55 id. 240; *Fowler* v. *Ætna Ins. Co.*, 6 Cow. 673; *Barbau* v. *P. M. L. Ins. Co.*, 67 N. Y. 595; *Burritt* v. *Saratoga M. Ins. Co.*, 5 Hill, 188; *Ripley* v. *Ins. Co.*, 30 N. Y. 136; *May on Ins.*, § 383; *Texas Ins. Co.* v. *Stone*, 49 Tex. 4; *Redman* v. *Ins. Co.*, 47 Wis. 89; *Ellsworth* v. *Ins. Co.*, 11 Ins. L. J. 544; *Costar* v. *Mayor, etc.*, 43 N. Y. 399; *Voorhees* v. *Burchard*, 55 id. 98.) The innocence and ignorance of the applicant in no wise weakens or affects the defense of misrepresentation as presented in this case, and in such a case it is of no moment whether the misrepresentation was or was not material. (*Anderson* v. *Fitzgerald*, 4 H. of L. Cas. 484; *Graham* v. *Ins. Co.*, 87 N. Y. 69; *Brenck* v. *Ins. Co.*, 21 Hun, 542.) The rights and liabilities of reinsurers are to be determined in this case according to the contract of reinsurance — the policy in suit. (*Hustie* v. *DePuyster*, 3 Caines, 190; *May on Ins.*, §§ 11, 12; *Y. & N. Y. Ins. Co.* v. *Hoffman Ins. Co.*, 6 Robt. 316; Wood on Ins., 622–3; Flanders on Ins., §§ 30–33; *Bowery Ins. Co.* v. *N. Y. Ins. Co.*, 17 Wend. 359; *Trall* v. *Baring*, 4 Giff [1 Ch.] 485; *Ins. Co.* v. *Merch. M. F. & M. Ins. Co.*, 83 N. Y. 604.) The claim of the plaintiffs was absolutely barred by the limitation clause in defendant's policy, the action not having been commenced until after the expiration of twelve months after the loss occurred. (*Steen* v. *N. Ins. Co.*, 89 N. Y. 315; *Hone* v. *Mut. Safety Ins. Co.*, 2 id. 232; *Blackstone* v. *A. Ins. Co.*, 56 id. 104; *Norwood* v. *R. Ins. Co.*, 47 How. Pr. 43; *Consolidated Ins. Co.* v. *Cashow*, 41 Md. 59; *In re Republic Ins. Co.*, 8 Nat. Bk. Reg. 197; *May on Ins.*, § 11; Wood on Ins., §§ 85, 382; *Phila. T. S. D. & Ins. Co.* v.

*Farne Ins. Co.*, 9 Phila. 292; *Finley* v. *Bent*, 95 N. Y. 364; *Hay* v. *Star F. Ins. Co.*, 77 id. 242.)

DANFORTH, J. The questions upon this appeal relate to the liability of the defendant on a contract of reinsurance made by it in favor of the Paterson Fire Insurance Company, and are, *first*, whether it was obtained by misrepresentation, and so void *ab initio*, and if not, then *second*, whether the action is barred by a limitation clause contained in the contract.

The facts agreed upon, or found by the trial court, so far as material, are these : The Paterson Company, on the 14th of August, 1876, at San Francisco, undertook to insure one E. Sherwood against loss by fire to the amount of $4,500, as follows : " $3,000 on his one and one-half story, hard-finished, frame, boarding-house building   *   *   *   and $1,500 on furniture, etc., contained in it." On the next day its agent addressed to the defendant a written application, saying : " Reinsurance is wanted by the Paterson Fire Insurance Company for $1,500, from August 14, 1876, to August 14, 1877, on their interest as insurers, under their policy No. 582, issued to E. Sherwood   *   *   *   covering $4,500, viz.: $3,000 on his one and one-half story, hard-finished, frame, boarding-house building   *   *   *   and $1,500 on furniture," etc., " contained therein." The application was granted, and the defendant issued its policy, which recited that " The St. Paul Fire and Marine Insurance Company of St. Paul do reinsure " the Paterson Company " against loss or damage by fire to the amount of $1,500 on their interest as insurers, under their policy No. 582, issued to E. Sherwood," and then follows in the language of the application, a statement as to the amount and distribution of insurance and description of the property insured under that policy.

Upon the trial it was admitted that in 1876 "a fire occurred and destroyed the property insured in policy 582 to the amount of $4,100." The Paterson Insurance Company declined paying. They were sued and, after notice to the defendant of the claim made and pendency of the action, a trial was had and

judgment obtained against them for the amount claimed, with costs. The plaintiff was subsequently appointed receiver of the property and assets of the Paterson Company, and brought this action to recover the amount due according to the terms of reinsurance. Before the trial court he succeeded. The General Term, however, reversed the judgment, and the respondent seeks to sustain that decision upon grounds involved in the questions above stated.

*First,* as to misrepresentation: It was admitted upon the trial that Sherwood's "house was hard-finished on the lower story, but the rooms and hallway composing the upper or half story were cloth lined and not hard finished"; but notwithstanding this the court found that the general character of the building was correctly stated in both policies. It is quite unnecessary to consider whether the interior finish of the building would warrant the epithet applied to it, for as to that there was in our opinion no representation by the Paterson Company. They had no property-right in the subject insured by them, but by underwriting the policy rendered themselves liable to loss from fire, and they thereby acquired an insurable interest to the extent of that liability, but it was in relation to the peril only, against which they had insured. It is that to which their request for reinsurance applies. By it they in effect say, as insurers, we have undertaken to carry a risk which, as taken by us, is as follows: "It amounts to $4,500, and we ask indemnity against a portion of it." It is not pretended that they did not state the risk literally as they had taken it, and it was in fact described in their policy in terms similar to those used in the policy of reinsurance. The case may indeed be taken in like manner as if they had exhibited to the defendants the original policy, and the defendants had indorsed upon it an assumption of the risk of $1,500. In either way — by indorsement or by a new writing — they become charged with so much of the amount as the Paterson Company had put in jeopardy, and to that extent were bound to relieve it. The original contract of insurance remained as at first, and the reinsurer

came under no contract obligation to the owner of the property described in it. The subsequent act of the insurer did not create any. Its own risk was the sole object of reinsurance and formed the consideration of a new and independent contract, distinct from and unconnected with the original insurance. This is so stated in the policy of reinsurance. It covers in terms the plaintiff's " interest as insurers " under their policy; and that alone is made the subject-matter of insurance.

When, therefore, the Paterson Company was found to be legally liable upon its contract and the amount was ascertained, it was not open to the reinsurer to inquire into the merits of those questions. They were at once bound to pay the reinsured such a proportion of the loss as their reinsurance bore to the sum originally insured.

The other objection rests upon a clause in the policy which provides that no action " for the recovery of any claim, by virtue of this policy, shall be sustainable in any court of law or chancery until after an award shall have been obtained fixing the amount of such claim in the manner above provided, nor unless such suit or action shall be commenced within twelve months next ensuing after the loss shall occur." This clause formed part of a blank form intended as an ordinary contract of insurance where the assured had an interest in the property, was required to make proofs of loss by fire, and submit his claim to arbitrators if required, and fulfill many other conditions in no respect applicable to a case where the perils of a contract of primitive insurance only are involved, and where the loss or damage is the amount of liability under it. Such is the contract under which the plaintiff claims, and his right to recover is unaffected by the stipulations.

It follows that the order of the General Term should be reversed and the judgment of the Special Term affirmed, with costs.

All concur.

Order reversed and judgment affirmed.