It follows that the judgment of conviction should be reversed and the defendant discharged.

CLARKE, P. J., SMITH, PAGE and PHILBIN, JJ., concur.

Judgment reversed and defendant discharged. Settle order on notice.

---

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Respondent, *v.* THE PARK & POLLARD COMPANY, Appellant, Impleaded with THE STUYVESANT INSURANCE COMPANY and Another, Respondents, and EDWARD E. HALL & COMPANY, Defendant.

First Department, January 16, 1920.

**Insurance — complaint in suit to restrain enforcement of insurance policies to which plaintiff, a reinsurer, is not a party — when remedy at law adequate — demurrer sustained — issues raised between defendants — privity of contract.**

Plaintiff, an insurance company, in its complaint in a suit in equity alleged in substance that the S. Insurance Company, one of the defendants, reissued to another defendant a policy of fire insurance in the place of a former policy then expiring and thereupon reinsured a portion of the risk with the plaintiff; that an agent of the insured applied to another defendant, the Industrial Company, for another renewal of insurance issued by the S. Company and promised on behalf of the insured that the other policy of the S. Company issued in renewal would be returned for cancellation and that such cancellation was the consideration for the issuance of the policy of reinsurance by the Industrial Company although not so expressed in the policy; that relying on such promise the Industrial Company issued a policy of reinsurance stating that it was in renewal of the policy issued by the S. Company and the same was received and retained by the insured with knowledge of all the facts; that relying upon the representations of the agent of the insured that the former policy would be returned for

cancellation, the plaintiff reinsured a portion of the risk of the Industrial Company, but that the other policy was not returned as agreed and that the property insured was subsequently destroyed by fire; that the insured claims that the property exceeded the insurance in value and refuses to return the other policy for cancellation as agreed and claims that both policies are in force, so that the consideration for the reinsurance by the plaintiff has failed and that it should be canceled, or, that if the court should hold that the policy of the S. Company was canceled in equity, then the plaintiff's reinsurance thereof should be canceled. It is further alleged that the plaintiff's contracts of reinsurance give it no right to defend any action brought by the insured upon either of the policies and that it is powerless to prevent payment on either, so that if they be enforced in actions at law the plaintiff will inequitably be forced to pay reinsurance on both policies; that the plaintiff has no remedy at law for the reasons stated, etc.; that the defense of the policies would be in the hands of the parties whose interests would be hostile to those of the plaintiff; hence the aid of equity is invoked to prevent a multiplicity of suits, etc.   On demurrer to said complaint by the insured, the other defendants having served answers,

*Held,* that, although on the allegations of the complaint the insured would only be entitled to recover on one of the policies and although the plaintiff would not be liable on both of its policies of reinsurance, yet the plaintiff could present its defense in actions at law which might be brought upon the policies and hence it had an adequate remedy at law so that the demurrer should be sustained.

The demurrer by the insurer to the complaint in equity must be determined without regard to the answers interposed by the other defendants raising issues between them and asking a determination similar to that requested by the plaintiff and, although the demurrer is sustained and the complaint dismissed, the action will continue for the determination of the issues between defendants.

The reinsurance by the plaintiff created no privity of contract between it and the insured and it merely became an indemnitor liable only to the insurer whose risk it reinsured and a recovery on the policy of reinsurance would not inure to the benefit of the insured.

It is a general rule that a plaintiff must be a party or privy to a contract to entitle him to maintain a suit in equity for its cancellation or rescission.

Appeal by the defendant, The Park & Pollard Company, from an interlocutory judgment of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of June, 1919, overruling appellant's demurrer to the complaint.

*Joseph Thurlow Weed* of counsel [*William Otis Badger, Jr.,* attorney], for the appellant,

*Henry Gansevoort Sanford,* for the respondent Insurance Company of the State of Pennsylvania.

*Robert Kelly Prentice* of counsel [*Prentice & Townsend,* attorneys], for the respondents The Stuyvesant Insurance Company and the Industrial Fire Insurance Company.

LAUGHLIN, J.:

The demurrer was interposed upon the grounds that the complaint fails to state facts sufficient to constitute a cause of action and that there is a misjoinder of parties defendant in that the demurring defendant is not a necessary or proper party and that there is not and was not any privity of contract between the plaintiff and it.

It is alleged in the complaint that the plaintiff is a Pennsylvania corporation authorized to transact business here; that the defendant the Park & Pollard Company is a Massachusetts corporation having an office for the transaction of business in this State; that the defendants the Stuyvesant Insurance Company, which for brevity will be referred to as the Stuyvesant Co., and Edward E. Hall & Company are domestic corporations; that the defendant the Industrial Fire Insurance Company, which will be referred to as the Industrial Co., is an Ohio corporation lawfully doing business here; that prior to the 25th of May, 1918, the Stuyvesant Co. through its local agent at Oswego issued to the defendant the Park & Pollard Company a policy of fire insurance of $11,000 on grain and other merchandise in a warehouse at Oswego, N. Y., for one year beginning on the 16th of July, 1918, in renewal of a policy of the same company then expiring, and on the same day the Stuyvesant Co. reinsured $4,000 of the risk with the plaintiff; that on the 3d day of July, 1918, the defendant Edward E. Hall & Company applied on behalf of the Park & Pollard Company to the Industrial Co. for a like renewal for one year and fifteen days of the insurance of the Stuyvesant Co. which was to expire on the 16th of July, 1918, stating and representing that they were the agents of the Park & Pollard Company and authorized to handle all of its insurance at Oswego and promised for and on behalf of it that the said policy of the Stuyvesant Co. issued in renewal of said expiring insurance would be returned for

cancellation as not wanted and that the return and cancellation of said Stuyvesant Co.'s policy became and was a consideration for and condition of the issuance by the Industrial Co. of its policy of reinsurance and of its liability, although not so expressed in the policy; that Edward E. Hall & Company were agents of the Park & Pollard Company and were by it authorized to make such representations and agreements, and that relying thereon the Industrial Co. issued its policy of reinsurance as applied for and Edward E. Hall & Company delivered it to the Park & Pollard Company, stating and representing that it was to be in renewal of the insurance of the Stuyvesant Co. and the Park & Pollard Company received and retained the policy with knowledge of the facts; that relying upon the representations and agreement of Edward E. Hall & Company, when it applied to the Industrial Co. for the reinsurance as aforesaid, in regard to the return and cancellation of the Stuyvesant Co.'s policy, which had been reinsured by the plaintiff to the extent of $4,000, the plaintiff reinsured the risk of the Industrial Co. to the extent of $4,500; that the insurance policy of the Stuyvesant Co. was not returned as agreed and on the 20th day of July, 1918, the property insured was wholly destroyed by fire; that the insured now claims that the property insured exceeded in value the amount of insurance thereon and has refused to return the Stuyvesant Co.'s policy for cancellation and claims to hold both policies as in force and has presented proofs of loss under each of them; that owing to the refusal of the insured to deliver the Stuyvesant Co.'s policy for cancellation, the consideration for the Industrial Co.'s policy and of the reinsurance thereof, in part, by the plaintiff has failed and that said policy and the plaintiff's reinsurance should be canceled on the ground that the condition of the issuance and delivery thereof has not been performed; or if the court shall hold that the Stuyvesant Co.'s policy was in equity canceled, that then the plaintiff's reinsurance thereof should be canceled; that the terms of the plaintiff's contracts of reinsurance give it no right to defend an action brought by the insured upon either of the policies and it is powerless to prevent payment on either or both and fears that payment of both policies may be made either

voluntarily or as a result of actions at law " whereby the plaintiff will, or may be unjustly and inequitably required to pay reinsurance on both said policies to its great and irreparable damage and injury;" that the plaintiff has no adequate remedy at law for the reasons stated and for the further reasons that the defenses to the unjust and inequitable claims of the insured depend on facts extrinsic to the written contracts of insurance and reinsurance and in the event of actions by the insured on the policies, a defense would be in the hands of parties whose interests would be hostile to those of the plaintiff in so far as a recovery of a judgment on either or both of them would establish a right of recovery over against the plaintiff; that the aid of equity is invoked to prevent a multiplicity of suits and circuity of action and to restrain unnecessary and vexatious litigation and that the rights and remedies of all parties as against the others may be determined in this suit of equity and thereby innumerable actions to determine the same may be avoided. The prayer for relief is that the court may take proof of all the facts and of the respective equities of the various parties and enjoin actions by the insured on the policies and the payment of the policies and that the Industrial Co.'s policy and the plaintiff's reinsurance thereof be canceled, or in the alternative that the Stuyvesant Co.'s policy and the reinsurance thereof by the plaintiff be canceled, and for other relief which shall seem to the court just and proper.

The Stuyvesant Co. and the Industrial Co. interposed separate answers, which were served on the insured, admitting and adopting many of the allegations of the complaint and particularly the allegations with respect to the agreement for the surrender and cancellation of the Stuyvesant Co.'s policy and each joins in the plaintiff's prayer that the court shall determine the rights and interests of the respective parties as against one another, and the Stuyvesant Co. prays that its policy be canceled and the Industrial Co. prays that its policy be canceled. Defendant Edward E. Hall & Company also demurred and its demurrer was sustained and the complaint dismissed as to it, and in that respect the decision is not presented for review.

The only point now made by the appellant is with respect to its first ground of demurrer, namely, that a cause of action

against it is not shown. That point, I think, must be determined by the allegations of the complaint without regard to the answers interposed by the other defendants, for the issues arising between the defendants by the service of the answers on codefendants, as authorized by section 521 of the Code of Civil Procedure, will remain unaffected by the decision on appellant's demurrer to the complaint; and although the complaint may be dismissed, the action would continue for the determination of the issues between the defendants.

It is well settled by the authorities and is conceded that there is not privity of contract between a reinsurer and the insured, or in other words between the plaintiff and the appellant, and that the reinsurer is not liable to the insured and is merely an indemnitor, liable only to the insurer whose risk is reinsured, and that a recovery on the policy of reinsurance inures not to the benefit of the insured but to the benefit of the general creditors of the reinsured. (*Jackson* v. *St. Paul F. & M. Ins. Co.*, 99 N. Y. 124; *Hastie* v. *De Peyster*, 3 Caines, 190; *Herckenrath* v. *American Mutual Ins. Co.*, 3 Barb. Ch. 63; *Hoffman* v. *North British & M. Ins. Co.*, 35 Misc. Rep. 40.) It is a general rule that the plaintiff must be a party or privy to a contract to entitle him to maintain a suit in equity for its cancellation or rescission. (*Guilfoyle* v. *Pierce*, 125 App. Div. 504; affd., 196 N. Y. 499; *Vrooman* v. *Turner*, 69 id. 280; *Simson* v. *Brown*, 68 id. 355; *Warnock Uniform Co.* v. *Garifalos*, 224 id. 522; *Empire Engineering Corp.* v. *Mack*, 217 id. 85.) There can be no doubt, however, if the facts are as alleged, that the appellant is proceeding inequitably in attempting to enforce both policies for it represented that it only intended to procure and hold *one* renewal policy of reinsurance and it cannot now repudiate the representation, and in accepting and retaining the policy issued by the Industrial Co. it must be deemed to have ratified the representations and agreement of its agent on which the same was issued, and the Stuyvesant Co.'s policy, although it remained outstanding at the time of the fire, should and will be deemed to have been surrendered and canceled. (*Davis & Son, Ltd.,* v. *Russian Transport & Ins. Co.*, 182 App. Div. 668.) There can be no doubt, therefore, on the facts as alleged that appellant is entitled to recover only on one of the policies and that the plaintiff is not liable on both

policies of reinsurance. According to the facts pleaded, the Industrial Co. knew when it issued its policy that the Stuyvesant Co.'s policy was still outstanding and it relied on the representations and agreement of appellant's agent that it would surrender it as not wanted. The Industrial Co. intended to become the *insurer* in place of the Stuyvesant Co., and, therefore, unless the insured has in some manner rescinded the contract or abandoned it or become estopped from enforcing it, which does not appear, there would seem to be no defense to an action thereon. It appears also that the plaintiff occupied a similar position with respect to the reinsurance of part of that risk, for assuming, as is alleged, that the representations and agreement with respect to the surrender of the Stuyvesant Co.'s policy came to the knowledge of the plaintiff and it relied thereon — then it understood that the Industrial Co.'s policy was to constitute the renewal insurance and that the other policy was to be surrendered, and on that theory it would be properly held liable on its policy of insurance. Assuming the facts to be as alleged, the Stuyvesant Co. would have a good defense to an action on the policy issued by it, for the appellant having accepted the Industrial Co.'s policy for insurance with notice and knowledge that it was issued on the representation and agreement that the Stuyvesant Co.'s policy would be surrendered and that it was in lieu thereof, cannot be heard to say that the Stuyvesant Co.'s policy remained in force and effect. (*Davis & Son, Ltd.,* v. *Russian Transport & Ins. Co., supra.*) The plaintiff, I think, can fully protect itself by giving notice to the Stuyvesant Co. to defend, on that theory, any action that may be brought on its policy and by demanding notice of the action and an opportunity to present evidence in support of the defense. It seems to me, therefore, that any theory on the facts alleged on which the plaintiff claims to be entitled to be relieved on either contract of reinsurance can be presented in the actions at law upon the policies and that there is but little danger that it may be subjected to liability on both policies of reinsurance unless it should fail, if afforded an opportunity on demand, to present the evidence in support of the defense in an action on one or both of the policies which it reinsured.

The complaint does not show that the representation and

agreement made with the Industrial Co. with respect to the surrender of the Stuyvesant Co.'s policy were made to or with the plaintiff nor are any facts alleged from which it may fairly be inferred that it was intended by the appellant that they should be communicated to the plaintiff or to any reinsurer. No custom with respect thereto is pleaded and it is not shown to what extent contracts of reinsurance are made. If the plaintiff had been a party to the representations and agreement with respect to the surrender of the Stuyvesant Co.'s policy, that might afford a basis for the action if it had no adequate remedy at law, but the facts alleged fail to bring the case in this respect within the doctrine applicable to information communicated by merchants to trade rating agencies and to representations upon which it is to be expected others may rely (*Brackett* v. *Griswold*, 112 N. Y. 454; *Eaton, Cole & Burnham Co.* v. *Avery*, 83 id. 31), and leave it rather within the rule confining liability on representations to those to whom they are made. (*Greene* v. *Mercantile Trust Co.*, 60 Misc. Rep. 189, and cases considered; 13 C. J. pp. 701–703, §§ 805, 806.) I fail to see how the plaintiff has any better standing to bring the action than one of the companies it reinsured and it seems to me that each insurance company must be left to defend when sued on its policy. It should not and could not, I think, be held that it would be beyond the jurisdiction of a court of equity to take cognizance of this action (See *McHenry* v. *Hazard*, 45 N. Y. 583; *Jones* v. *Byrne*, 149 Fed. Rep. 457; *Smith* v. *Smith*, 30 N. J. Eq. 546; *St. Stephen's Church* v. *Church of Transfiguration*, 130 App. Div. 175; *Metropolitan Trust Co.* v. *Stallo, No. 2*, 166 id. 649; affd., 215 N. Y. 710), but I think that the case falls within the general rule that a court of equity will not assume jurisdiction where there is an adequate remedy at law, which I think the plaintiff has.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs.

DOWLING, PAGE, MERRELL and PHILBIN, JJ., concur.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs.