INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant, *v.* THE PARK AND POLLARD COMPANY et al., Respondents, Impleaded with Another.

*Insurance — no privity of contract between re-insurer and insured — when re-insurer cannot maintain action for cancellation of policies.*

*Insurance Co. of Pennsylvania* v. *Park & Pollard Co.*, 190 App. Div. 388, affirmed.

(Argued October 5, 1920; decided October 19, 1920.)

APPEAL, by permission, from a judgment, entered January 21, 1920, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint and directed a dismissal of the complaint. The action was in equity to cancel policies of insurance and re-insurance. The complaint alleged that the defendant Stuyvesant Insurance Company issued to defendant Park and Pollard Company its policy of insurance for $11,000 on certain grain, and on the same day re-insured $4,000 of the risk with the plaintiff; that shortly thereafter defendant Park and Pollard Company applied for and received from defendant Industrial Insurance Company its policy for the same amount on the same grain, the said policy being issued on the promise of the Park and Pollard Company to return the policy issued by the Stuyvesant Insurance Company for cancellation, and that knowing of and relying upon the promise of said Park and Pollard Company to return the Stuyvesant Insurance Company policy for cancellation the

plaintiff re-insured the Industrial Company to the extent of $4,500; that thereafter the property insured was destroyed by fire and the Park and Pollard Company refused to deliver up the Stuyvesant Insurance Company policy for cancellation, but filed proofs of loss under both policies. The Appellate Division held that there was no privity of contract between the re-insurer and the insured and, therefore, plaintiff could not maintain an action in equity for cancellation; furthermore that there was an adequate remedy at law, since each company may defend when sued upon its policy and the re-insurer by giving notice to its insured to defend may protect itself. The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?"

*Henry Gansevoort Sanford* for appellant.

*Joseph Thurlow Weed* and *William Otis Badger, Jr.,* for Park and Pollard Company, respondent.

*Robert Kelly Prentice* for Stuyvesant Insurance Company et al., respondents.

Judgment affirmed, with costs, and question certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ.