PHILIP GREENMAN, Respondent, *v.* GENERAL REINSURANCE COR-
PORATION, Appellant.

Second Department, March 2, 1933.

*James M. Lown* [*Hartwell Cabell* and *Joseph S. Catalano* with him on the brief], for the appellant.

*Barnet Kaprow* [*David L. Weissman* with him on the brief], for the respondent.

DAVIS, J. The plaintiff, having suffered serious injuries in an automobile accident, had judgment against the owner who was insured against liability in the New Jersey Fidelity and Plate Glass Insurance Company. The owner being insolvent, plaintiff brought an action against the insurer under the provisions of

section 109 of the Insurance Law, and judgment was rendered against it. That company became insolvent and went into liquidation in New Jersey without paying the judgment.

Prior to the issuance of the liability policy and before the accident, the General Reinsurance Corporation had entered into a contract with the New Jersey company to reinsure its risks over and above certain specified amounts, which the latter retained as its risk. It was not the usual reinsurance policy, for, instead of reinsuring risks already insured, it was an agreement to insure future risks. We are not concerned here with the legality of that kind of reinsurance, for in now suing the General Reinsurance Corporation the plaintiff as well as the defendant assumes that it is a legal contract.

The plaintiff contends that, although he is not a party to the reinsurance contract, he is beneficially interested therein and is entitled to recover that portion of the loss reinsured. The defendant argues that there is no privity on the part of the plaintiff and that its only obligation is to the New Jersey company or its liquidator. The plaintiff concedes that the general rule is that stated in the authorities (*Allemannia Fire Ins. Co.* v. *Firemen's Ins. Co.*, 209 U. S. 326, 332; *Jackson* v. *St. Paul Fire & Marine Ins. Co.*, 99 N. Y. 124, 129; *Insurance Co. of Pennsylvania* v. *Park & Pollard Co.*, 190 App. Div. 388, 393; affd., 229 N. Y. 631; Joyce Ins. [2d ed.] § 117), that ordinarily the contract is one of indemnity to the reinsured, and that a reinsurer is under no contract obligation to the original insured and does not become liable to him. But he says that under the terms of the contract the intent was that the defendant should become liable directly to those suffering loss. This by reason of the fact that the agreement preceded the issuance of the liability policy; that by the terms of the policy there was an agreement of " partnership " and the two companies became " coinsurers," and for other reasons of the same general character.

It is sufficient to say that the language of the agreement does not sustain the rather subtle and ingenious argument of plaintiff's counsel. There is nothing in the contract when fairly read and rationally construed to indicate a purpose of coinsurance. (*Moseley* v. *Liverpool & L. & G. Ins. Co.*, 104 Miss. 326.) The cases in which an insured may recover from a reinsurer are those where the language of the policy itself indicates the intent to become directly liable. This occurs in cases where a company is going out of business and transfers its risks to another which agrees to pay; or where all risks are assumed. (*Glen* v. *Hope Mutual Life Ins. Co.*, 56 N. Y. 379; *Fischer* v. *Hope Mutual Life Ins. Co.*, 69 id. 161; Joyce Ins. 2d ed.] § 117.) It would be a strained construction of the language

of this contract to find a direct obligation to the insured. It is a contract of indemnity with the New Jersey company in what appears to be the ordinary terms of reinsurance. Privity between defendant and the plaintiff is lacking. The insolvency of the reinsured does not change the nature of the obligation. (*Herckenrath* v. *American Mutual Ins. Co.*, 3 Barb. Ch. 63.)

In a second cause of action the plaintiff alleges that the insured was advised of the reinsurance agreement and relied on it before taking out his policy. Assuming this to be true, there would be no change of the written agreement between the reinsured and the reinsurer. No new terms of mutuality would arise between the reinsurer and the insured. The latter would not be liable to the former for premiums; nor would the reinsurer become liable directly because of the confidence inspired in the insured that he had greater security. It would still remain a contract of reinsurance with defendant obligated only to the New Jersey company. In *Globe National Fire Ins. Co.* v. *American Bonding & C. Co.* (198 Ia. 1072; 35 A. L. R. 1341) there was recovery in a suit in equity from the reinsurer by one who had imposed a condition in advance of the insurance of its bank deposits that there should be reinsurance. It appears that the bonding company (evidently the reinsured) joined in asking that it be held that the contracts were entered into for the benefit of the insured, and that the proceeds of the recovery be applied to the loss. The court recognized that its decision was contrary to the general rule, but justified it under the peculiar state of facts presented. It is unnecessary to determine whether we would follow the doctrine of that case under a similar state of facts. It is sufficient to say that it does not apply to the facts presented here in an action at law.

We reach the conclusion that the amended complaint does not state facts sufficient to constitute a cause of action.

The order should be reversed on the law, without costs, and the motion to dismiss the complaint granted.

Lazansky, P. J., Hagarty, Scudder and Tompkins, JJ., concur.

Order denying motion to dismiss the amended complaint for insufficiency reversed on the law, without costs, and motion granted.