**MEYER KORNBLUM & SON, Inc., v. EXCESS INS. CO. OF AMERICA.**

No. 7484.

District Court, E. D. New York.

March 7, 1935.

Henry Waldman, of New York City, for plaintiff.

Plaut & Davis, of New York City (Harold Davis and Herbert Plaut, both of New York City, of counsel), for defendant.

GALSTON, District Judge.

The motion is to dismiss the complaint on the ground of insufficiency.

On October 1, 1930, the Hudson Casualty Insurance Company issued its policy of insurance to the plaintiff to insure and indemnify the plaintiff against loss or damage resulting from an injury or injuries suffered by any person by reason of the op-

eration of a motor vehicle belonging to the plaintiff. This policy likewise obligated the insurer to defend all actions for damage for personal injuries at its own expense, and further provided that, in the event of any judgment being rendered against the insured, it would pay such judgment.

Thereafter the Hudson Casualty Insurance Company was merged with the Public Indemnity Company, whereby the latter company assumed all of the liability on policies of the Hudson.

While the policy was in full force and effect, on or about March 9, 1932, one Anna Tesoriere, as administratrix of Salvatore Tesoriere, brought suit in the Supreme Court of the state of New York, Kings county, against the plaintiff herein for injuries alleged to have been sustained by the decedent, Salvatore Tesoriere, on or about September 1, 1931, by reason of the negligent operation of the automobile belonging to the plaintiff.

The plaintiff notified the Public Indemnity Company of the institution of said action, and that company, pursuant to the contract of insurance, undertook the defense of the action. In that action a judgment was duly entered against the plaintiff in the sum of $10,968.45 on or about October 13, 1932.

The Public Indemnity filed a notice of appeal from the judgment, and sought to stay execution of the judgment pending the determination of the appeal. In pursuance of sections 594 and 615 of the Civil Practice Act of the state of New York, the Public Indemnity Company, though it was primarily liable and obligated to pay the judgment, caused its own undertaking as surety to be filed in the office of the clerk of Kings county. To this undertaking the plaintiff in that action excepted to the sufficiency of the surety. Thereafter the parties appeared before one of the justices of the Supreme Court in Kings county and the justice refused to approve of the bond or undertaking of the Public Indemnity Company, but stayed the execution of the Tesoriere judgment until 2 o'clock of that afternoon so as to give the defendant, Kornblum, or the Public Indemnity Company an opportunity to furnish another bond or undertaking. It is next alleged that thereupon the Public Indemnity Company, for the purpose of protecting its own interests, and to stay the execution of the judgment, arranged with the Excess Insurance Company of America, the defendant herein, to issue a bond or undertaking in lieu of the rejected bond and undertaking. It is further alleged that, by reason of the limited time within which the Public Indemnity Company was able to act, there was filed by the Public Indemnity Company a binder from the Excess Insurance Company of America in the form of a letter. This letter reads as follows:

"We hereby confirm 100% reinsurance of your undertaking on appeal from a judgment directing the payment in the sum of $10,968.45 for account of Anna Tesoriere, as Administratrix of the goods, chattels and credits which were of Salvatore Tesoriere, Deceased, Plaintiff and Respondent, against Meyer Kornblum & Son, Inc., Defendant and Appellant. Said bond executed November 9th, 1932 and numbered 225636."

The Public Indemnity Company submitted the foregoing letter to the justice holding Special Term, Part II. Objections of Tesoriere's attorneys were overruled, and the justice directed the letter to be received and filed in lieu of the rejected undertaking of the Public Indemnity Company. It is also alleged in the complaint that the letter was intended to be accepted by the court as a bond or undertaking sufficient to stay the execution of the judgment, and that the court had no power under the statute to accept a contract of reinsurance, and that in fact it was not reinsurance, and that the defendant herein, with intent to deceive the Supreme Court, so worded the aforesaid letter as to enable it to claim in any suit which might be brought to enforce the same as a supersedeas bond that it was not such a bond but mere reinsurance, and therefore without privity except as between the two insurance companies.

Thereafter the execution of the judgment was stayed pending the appeal; and on or about May 6, 1933, the Appellate Division dismissed the appeal.

Prior to the dismissal on April 21, 1933, the superintendent of insurance of the state of New York, under direction of the Supreme Court of the state of New York, took over the assets of the Public Indemnity Company, and is now in possession of such assets as liquidator of the company, because of the insolvency of the Public Indemnity Company. In consequence the plaintiff, Kornblum, is unable to enforce the liability of the Public Indemnity Company on the judgment pursuant to the terms of the policy of insurance.

The plaintiff also alleges that the Tesoriere judgment was finally settled for the sum of $8,400, which money was paid by the plaintiff herein to Tesoriere. At the time of such payment, and at the instance of the plaintiff herein, the Tesoriere judgment and all claims arising therefrom were assigned to one Jacob D. Levinson. Thereafter, and prior to the commencement of this suit, Levinson reassigned the judgment and all claims arising therefrom to the plaintiff herein.

As a first cause of action the plaintiff claims that the defendant is liable to the plaintiff for the amount of the judgment, and in the alternative asserts that, if the aforesaid letter of defendant is insufficient to make the defendant liable, a decree of reformation be granted by substituting therein the terms of the bond and undertaking filed by the Public Indemnity Company.

For a second cause of action the plaintiff asserts that the agreement in question was one between the defendant and the Public Indemnity Company, and was made for the benefit of the plaintiff, Meyer Kornblum & Son, to which company the said Public Indemnity Company was pecuniarily liable.

For a third cause of action the plaintiff contends that, by the terms of the letter of the Excess Insurance Company of America to the Public Indemnity Company, the defendant obligated itself to pay the judgment, and, because of its failure so to pay, it became liable to the Public Indemnity Company for the amount of that judgment. The plaintiff claims that it has been subrogated to the claim of the Public Indemnity Company against the defendant herein.

The sufficiency of these three causes of action will now be considered in the order stated above.

█ The letter from the Excess Insurance Company to the Public Indemnity Company on which this action is predicated is not ambiguous. On its face it is not an original undertaking but clearly one of reinsurance. The sole beneficiary of the agreement and the only one in privity with the Excess Insurance Company was the Public Indemnity Company. It is difficult to see how the plaintiff in the state court action or the plaintiff in this action who occupies his position as assignee has any cause of action against the defendant. In Insurance Co. of Pennsylvania v. Park & Pollard Co., 190 App. Div. 388, 180 N. Y. S. 143, 147, it was said: "It is well settled by the authorities, and is conceded, that there is not privity of contract between a reinsurer and the insured, or in other words between the plaintiff and the appellant, and that the reinsurer is not liable to the insured, and is merely an indemnitor, liable only to the insurer whose risk is reinsured, and that a recovery on the policy of reinsurance inures, not to the benefit of the insured, but to the benefit of the general creditors of the reinsured. Jackson v. St. Paul F. & M. Ins. Co., 99 N. Y. 124, 1 N. E. 539; Hastie v. De Peyster, 3 Caines [N. Y.] 190; Herckenrath v. American Mutual Ins. Co., 3 Barb. Ch. [N. Y.] 63; Hoffman v. North British & M. Ins. Co., 35 Misc. 40, 70 N. Y. S. 106."

So also in Greenman v. General Reinsurance Corp., 237 App. Div. 648, 262 N. Y. S. 569, 570, it was said: "The plaintiff contends that, although he is not a party to the reinsurance contract, he is beneficially interested therein, and is entitled to recover that portion of the loss reinsured. The defendant argues that there is no privity on the part of the plaintiff, and that its only obligation is to the New Jersey company or its liquidator. The plaintiff concedes that the general rule is that stated in the authorities (Allemannia Fire Ins. Co. v. Firemen's Ins. Co., 209 U. S. 326, 332, 28 S. Ct. 544, 52 L. Ed. 815, 14 Ann. Cas. 948; Jackson v. St. Paul Fire & Marine Ins. Co., 99 N. Y. 124, 129, 1 N. E. 539; Insurance Co. of Pennsylvania v. Park & Pollard Co., 190 App. Div. 388, 393, 180 N. Y. S. 143, affirmed 229 N. Y. 631, 129 N. E. 936; Joyce, Insurance (2d Ed.) § 117) that ordinarily the contract is one of indemnity to the reinsured; and that a reinsurer is under no contract obligation to the original insured and does not become liable to him."

In that case also it was said that the only instances in which an insured may proceed directly against the reinsurer of the insurer "are those where the language of the policy itself indicates the intent to become directly liable. This occurs in cases where a company is going out of business and transfers its risks to another which agrees to pay; or where all risks are assumed."

The letter of reinsurance herein does not meet the test suggested in the last-quoted passage from Greenman v. General Reinsurance Corp.

 Now as to the second cause of action the plaintiff seeks to avail itself of the doctrine of Lawrence v. Fox, 20 N. Y. 268. The so-called letter of reinsurance, if it amounts to something more than a contract between the two insurance companies, must be treated as made, not for the benefit of the plaintiff as the assured in the policy of casualty insurance assumed by the Public Indemnity Company, but rather for the benefit of the plaintiff in the tort action. Thus the plaintiff here can claim against the Excess Insurance Company only through Tesoriere. Now the obligation of Public Indemnity Company to Tesoriere was to pay the judgment, and that is stated in the undertaking filed by the Public Indemnity Company in the state court action as follows: "The Public Indemnity Company * * * does hereby * * * undertake that the appellant will pay all costs and damages which may be awarded against the appellant * * * and does also undertake that if the judgment or order so appealed from * * * is affirmed * * * the appellant will pay the sum recovered."

Now the appellant referred to therein, Kornblum, did pay the judgment or enough of it to satisfy Tesoriere. It would seem to follow that the undertaking of the bond of the Public Indemnity Company had been fulfilled. It seems well settled law that, when a judgment debtor settles with the judgment creditor for the judgment with his money and takes an assignment of the judgment, that assignment is ineffective for the purpose of keeping the judgment alive. Harbeck v. Vanderbilt, 20 N. Y. 395; Ten Eyck v. Craig, 62 N. Y. 406; Lillie v. Dennert (C. C. A.) 232 F. 104.

Finally there is the matter of subrogation to be considered as the basis of the third cause of action. As the assignee of the tort judgment, Kornblum & Son, Inc., cannot claim; for that judgment has been satisfied. Nor is its position any happier when it seeks through a subrogation to claim in the place and stead of the Public Indemnity Company. The plaintiff is the assured under a policy of insurance from the Public Indemnity Company. The Public Indemnity Company has some rights against the Excess Insurance Company on the reinsurance agreement. That reinsurance agreement, however, relates to an appeal bond. That appeal bond was not an obligation to pay Kornblum, though indirectly it would have worked out to Kornblum's interest.

Kornblum & Son, Inc., as the assured, have a claim against the Public Indemnity Company, but the Public Indemnity Company is unable, being insolvent, to pay that claim. Thus Kornblum & Son are in the position of being among the general creditors of the Public Indemnity Company. The Public Indemnity Company, on the other hand, may have a claim against the Excess Insurance Company on the so-called contract of reinsurance. If such claim exists, it must be for the benefit of the general creditors of the Public Indemnity Company and not for the specific benefit of Kornblum & Son. The whole difficulty with the argument advanced in support of subrogation is that it loses sight of the fundamental proposition that the so-called contract of reinsurance was not a reinsurance of the Kornblum policy but of Public Indemnity's undertaking on appeal which was made, not for the benefit of Kornblum, but for Tesoriere.

For the foregoing reasons the motion to dismiss the complaint is granted. If there are any other facts which the plaintiff has available to fortify a complaint, it may have twenty days within which to file an amended complaint. Settle order on notice.