JOHN J. MURPHY, Plaintiff, *v.* MANDON REALTY CO., INC., HERBERT M. ROSENBERG and RICHARD B. GILLIAM, Defendants.*

Supreme Court, Special Term, New York County, April 5, 1939.

*Hilliard L. Bernstein,* for the plaintiff.

*Ireland & Cohen,* for the defendants Mandon Realty Co., Inc., and Herbert M. Rosenberg.

*Henry L. Ughetta,* for the defendant Richard B. Gilliam.

McCOOK, J. The Eagle Indemnity Company has insured the Mandon Realty Co., Inc., and Herbert M. Rosenberg, against whom the judgment in this case, entered March, 1939, in this county, was recovered.

The defendants seek to stay execution on appeal by filing an undertaking of the Eagle Indemnity Company. Plaintiff has excepted to the sufficiency of the surety on the ground that the Eagle Indemnity Company is now liable to the plaintiff, and relies on *Nichols* v. *MacLean* (98 N. Y. 458) and *Kornblum & Son, Inc.,*

---

* Affd., 257 App. Div. 805.

v. *Excess Ins. Co. of America* (10 F. Supp. 203), which cites *Tesoriere* v. *Kornblum,* decided in the Supreme Court of Kings county in March, 1932 (not reported).

The only other authority to which I am referred is *Doscher* v. *Java Drug & Sales Co., Inc.,* decided March 31, 1933, in the Supreme Court of Orange county (not reported), which holds that in such circumstances approval should be given. The defendant cites also section 568-a of the Civil Practice Act, which became effective in September, 1938.

On principle it would seem that a person already bound to pay a judgment should not be accepted as surety upon an appeal bond. While RAPALLO, J., in the *Nichols* case, does not go so far, because there the appellant was the surety, his opinion supports the underlying principle just expressed. (See, also, the opinion of GALSTON, J., in *Kornblum & Son, Inc.,* v. *Excess Ins. Co. of America,* which goes further.)

With the greatest respect for the justice presiding in *Doscher* v. *Java Drug & Sales Co., Inc.,* I am unable to accept his conclusion that approval cannot justly be withheld because the Legislature has not provided for the contingency. The court has the inherent power and duty to pass on the sufficiency of every bond submitted, whether of a surety company or someone else, to the end of securing additional protection as the result of filing the instrument. Section 568-a is certainly not conclusive.

Justification denied and undertaking rejected.