Zurich General Accident & Liability Insurance Co., Ltd. (United States Branch), Claimant, *v.* The State of New York, Defendant. (Motion M–861.)

Court of Claims, November 16, 1942.

*Frederick M. Garfield* for claimant.

*John J. Bennett, Jr., Attorney-General* (*Martin P. O'Leary* of counsel), for defendant.

GREENBERG, J. This is a motion by the Zurich General Accident & Liability Insurance Company, Ltd. (hereinafter referred to as Zurich) for an order permitting the filing of a proposed claim against the State arising out of an alleged breach of contract on the part of the State Insurance Fund.

Unless the proposed claim states a cause of action, the motion must be denied. (*Apropo* v. *State of New York*, 252 App. Div. 803; *Siegel* v. *State of New York*, 262 App. Div. 388.)

The facts alleged in the proposed claim are as follows:

The State Insurance Fund, on January 8, 1937, issued a policy of workmen's compensation and employer's liability insurance to Milnag Leasing Corporation (hereinafter referred to as Milnag) providing, among other things, for insurance (1) against all liability under Workmen's Compensation Law (Cons. Laws, ch. 67) and (2) an agreement to indemnify said Milnag against loss by reason of any liability imposed upon it by law for damages on account of injuries to its employees. On July 2, 1936, Zurich issued to the same Milnag a policy of liability insurance which contained, among other things, a provision under the title "Exclusions" the following: "Provided also that the Company shall not be liable in respect to bodily injuries or death *  *  * (6) if assured is liable under any workmen's compensation law plan or agreement." The said policy also contained the further proviso that the said Milnag was insured against claims "by any person or persons except employees of the assured while engaged in any duties directly or indirectly connected with their employment by the insured while in or upon the premises described in declaration 4."

On January 27, 1937, one Leonora Jones, an accordionist appearing with the orchestra of one Bobby Hayes at the Hotel Edison, operated by the said Milnag, fell from a platform during her performance and sustained bodily injuries. The said Milnag immediately filed a notification with the State Insurance Fund and the Labor Department, advising them of the occurrence and setting forth in such notice that the said Leonora Jones was an employee. The said Leonora Jones was treated by a physician who also filed with the Labor Department the necessary physician's reports. The matter in due course came on for hearing before a referee of the Compensation Bureau of the Labor Department.

The State Fund attended the hearings in connection with this matter as the insurance carrier of the said Milnag, and, as far as the record discloses, made no inquiries either of Milnag or of the said Leonora Jones relative to the relationship between the said Leonora Jones and Milnag, but passively accepted a statement by the attorney for the said Leonora Jones that she was not an employee of Milnag. In the light of this condition the file of the Labor Department was closed with the notation that it was closed pending the outcome of the third-party action.

The commencement of the said action by Leonora Jones against Milnag was communicated to Zurich, and, upon the assumption that the said person Jones was not an employee, preparation was made for the trial of that action on behalf of the said Milnag by the proposed claimant herein. The matter came on for trial on the assumed basis of the said person Jones being a mere invitee of the said Milnag. That during the trial of said action, and at the end of plaintiff's case, evidence was introduced that Leonora Jones was an employee of said Milnag. Immediately upon such evidence being introduced, counsel for Milnag, the defendant in the action, moved to amend for the purpose of incorporating into their answer the defense of workmen's compensation and this motion was denied.

Immediately after such proof and the denial of such amendment, demand was made upon the State Insurance Fund to take over the defense of the action and proceed from that point and this demand was refused. It then became necessary to appeal the judgment rendered after the jury's verdict, which appeal resulted in the affirmance of the judgment. (See *Jones* v. *Milnag Leasing Corp.*, 260 App. Div. 852; leave to appeal denied, 260 App. Div. 916; 284 N. Y. 818.)

The plaintiff in that action, Leonora Jones, immediately proceeded in the Supreme Court, County of New York, with an action under section 167 of the New York State Insurance Law (Cons. Laws, ch. 28) on the insurance policy issued by Zurich to Milnag. After a removal of this action to the Federal Court, the said plaintiff moved for summary judgment, and the said Federal Court found in her favor on the ground that since this defense was not allowed to be pleaded and proved in the Supreme Court action, it could not be pleaded or proved as a defense to the action in the Federal Court on the insurance policy. Immediately upon the rendition of judgment and affirmance on appeal in the Federal Court (*Jones* v. *Zurich, etc., Ins. Co.*, 121 Fed. Rep. [2d] 761) and the payment of such judgment by Zurich, demand was made on September 12, 1941, for indem-

nity under the terms of the State Insurance Fund policy issued to the said Milnag and was refused.

That by reason of the foregoing, said Zurich has been damaged in the sum of $8,742.44, consisting of $4,744.29 paid by it in satisfaction of the judgment recovered by Leonora Jones, as aforesaid, and $3,500 for expenses and counsel fees in preparation and defense of the actions and the prosecution of the appeals above referred to.

The Workmen's Compensation policy issued to Milnag by the State Fund constituted a contract between them imposed by statute (Workmen's Compensation Law) for the benefit of Milnag's employees. They are the only persons who could call on the State Fund to pay for injuries sustained by an employee. The State Fund, having issued its policy of Workmen's Compensation Insurance, owed a duty to Milnag and to his employees. Even assuming, for the sake of argument only, that Leonora Jones was an employee of Milnag, and thus within the terms of the Workmen's Compensation policy issued by the State Fund to Milnag, the claimant Zurich, upon the facts herein set forth, has failed to state a cause of action. There is no privity of contract between Zurich and the State Fund arising out of the policy of insurance. All that the State Fund agreed to do was to pay awards made to Milnag's employees for injuries under the Workmen's Compensation Law and to indemnify Milnag against the payment of such claims. The fact that Zurich stepped in and made itself liable for payment of the claim of Leonora Jones cannot constitute a subrogation of any claim Milnag might have against the State Insurance Fund.

It is the settled law in this State that a reinsurer, under an agreement to insure future risks, is under no contract liability to the original insured and does not become liable to him under a liability policy subsequently issued by the insurer. (*Greenman* v. *General Reinsurance Corp.*, 237 App. Div. 648; affd., without opinion, 262 N. Y. 701.) In that case plaintiff having suffered serious injuries in an automobile accident recovered judgment against the owner who was insured in the New Jersey Fidelity and Plate Glass Insurance Company. The owner being insolvent, plaintiff brought an action against the insurer pursuant to the then section 109 (now § 167) of the Insurance Law and judgment was rendered against it. Such company became insolvent and went into liquidation without paying the judgment. Prior to the issuance of the liability policy and before the accident the General Reinsurance Corporation had entered into a contract with the New Jersey Company to reinsure its risks over and above

certain specified amounts, which the latter retained as its risk. The injured party then brought action against the reinsurer. In granting the motion of the defendant, reinsurer, to dismiss the complaint on the ground that it did not state a cause of action, the Appellate Division said (at pp. 649, 650):

"The plaintiff contends that, although he is not a party to the reinsurance contract, he is beneficially interested therein and is entitled to recover that portion of the loss reinsured. The defendant argues that there is no privity on the part of the plaintiff and that its only obligation is to the New Jersey company or its liquidator. The plaintiff concedes that the general rule is that stated in the authorities (*Allemannia Fire Ins. Co.* v. *Firemen's Ins. Co.*, 209 U. S. 326, 332; *Jackson* v. *St. Paul Fire & Marine Ins. Co.*, 99 N. Y. 124, 129; *Insurance Co. of Pennsylvania* v. *Park & Pollard Co.*, 190 App. Div. 388, 393; affd., 229 N. Y. 631; Joyce Ins. [2d ed.] § 117), that ordinarily the contract is one of indemnity to the reinsured, and that a reinsurer is under no contract obligation to the original insured and does not become liable to him. But he says that under the terms of the contract the intent was that the defendant should become liable directly to those suffering loss. This by reason of the fact that the agreement preceded the issuance of the liability policy; that by the terms of the policy there was an agreement of 'partnership' and the two companies became 'coinsurers,' and for other reasons of the same general character.

"It is sufficient to say that the language of the agreement does not sustain the rather subtle and ingenious argument of plaintiff's counsel. There is nothing in the contract when fairly read and rationally construed to indicate a purpose of coinsurance. (*Moseley* v. *Liverpool & L. & G. Ins. Co.*, 104 Miss. 326.)

"* * * It would be a strained construction of the language of this contract to find a direct obligation to the insured. It is a contract of indemnity with the New Jersey company in what appears to be the ordinary terms of reinsurance. Privity between defendant and the plaintiff is lacking. The insolvency of the reinsured does not change the nature of the obligation. (*Herckenrath* v. *American Mutual Ins. Co.*, 3 Barb. Ch. 63.)

"In a second cause of action the plaintiff alleges that the insured was advised of the reinsurance agreement and relied on it before taking out his policy. Assuming that this is true, there would be no change of the written agreement between the reinsured and the reinsurer. No new terms of mutuality would arise between the reinsurer and the insured. The latter would not be liable to the former for premiums; nor would the rein-

surer become liable directly because of the confidence inspired in the insured that he had greater security. It would still remain a contract of reinsurance with defendant obligated only to the New Jersey company.''

Thus, if a reinsurer is not liable to the original assured of its assured, because of the lack of privity of contract between the original assured and the reinsurer, how, by any stretch of the imagination, can there be privity in the case at bar?

Unless there is a statutory provision assigning or subrogating the claim of the insured, Milnag, against the insurer, State Insurance Fund, Zurich has no cause of action.

''Plaintiff presents this definition: 'Subrogation, an equitable doctrine taken from the civil law, is broad enough to include every instance in which one party pays a debt for which another is primarily answerable and which in equity and good conscience should have been discharged by the latter, so long as the payment was made either under compulsion or for the protection of some interest of the party making the payment, and in discharge of an existing liability.' (*Gerseta Corporation* v. *Equitable Trust Co.*, 241 N. Y. 418, 425.) Plaintiff then asserts that the instant case comes clearly within that definition. This is *non sequitur.* * * * That right may not be extended by implication, or recourse to assignment or the principle of subrogation. (Cf. *Royal Indemnity Co.* v. *Travelers Insurance Co.* 244 App. Div. 582; affd., 270 N. Y. 574; and *Jackson* v. *Citizens Casualty Co.* 277 N. Y. 385.) * * *.'' (*Sun Indemnity Co.* v. *Board of Education,* 264 App. Div. 73.)

Zurich acquired no rights against the State Insurance Fund by assignment or subrogation. Section 29 of the Workmen's Compensation Law does not give to Zurich an assignment of a cause of action in favor of Milnag against the State Insurance Fund.

''In the light of the common law before the enactment of section 109 of the Insurance Law, the attendant injustice and the mischief which the Legislature was seeking to cure, we must conclude that the statute was drawn for the protection of injured plaintiffs. The words of the section give express protection to 'the injured person, or his or her personal representative.' Was it the legislative intention to go further and permit an assignee to receive a like protection? Applying a fundamental principle of statutory construction, this specific mention of those to whom the right of action is given implies the exclusion of others. (*Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54, 57.) This construction likewise accords with a public policy which

holds claims for personal injuries non-assignable. Whatever may have been the reason for such public policy in earlier times, it seems now clear that the protection of the injured person is the dominant note. In confining this protection to the person injured or his personal representative, the Legislature has still further protected the injured and the representative by excluding speculation in these claims.   *   *   *

"All the above considerations constrain us to go no further in the construction of section 109 than the express intention of the Legislature as shown in clear and unambiguous terms. These give a right of action to the injured person or his or her representative, and not to an assignee. If, because of the ambiguity of the language used by the Legislature the court has placed too strict a limitation upon the application of the statute, it is easily within the province of the Legislature to expand its application. A court should go no further than is indicated by language in the statute.   *   *   *

"The appellant urges that the cause of action in the case at bar is created by the contract of insurance rather than by statute, and, therefore, is assignable equally with any other contractual right. But, as was well said by the Appellate Division, 'The right which is thus accorded the plaintiff owes its parentage to the statute, rather than to the contract of insurance. The policy adopts, under compulsion, the provisions of the statute. Under such circumstances it is idle to say that this is an action upon a contract rather than one under the statute.' (252 App. Div. 393, 397.)" (*Jackson* v. *Citizens Casualty Co.* 277 N. Y. 385, 390, 391.)

No cause of action having been pleaded, the motion must be denied.

Furthermore, the moving party herein has failed to present a reasonable excuse for its failure to file the proposed claim within the statutory period (Court of Claims Act, § 10, subd. 5; L. 1939, ch. 860) and for that reason, upon the authority of *Schroeder* v. *State of New York* (252 App. Div. 16; affd., 276 N. Y. 627) the motion is denied.