CLARK COUNTY, Appellant, v. BERGSTRESSER, et al, Respondents.

(233 N. W. 276.)

(File No. 7057.   Opinion filed December 5, 1930.)

*W. C. Brower,* State's Attorney, of Clark, and *Hans Hanson,* of Vienna, for Appellant.

*Bailey & Voorhees, Ray F. Bruce,* and *Kirby, Kirby & Kirby,* all of Sioux Falls, for Respondent.

POLLEY, J.   The defendant Bergstresser had been the county treasurer of Clark county, and this action was brought against said defendant and his sureties for an alleged shortage in his account with the county.   The sureties on the treasurer's official bond had taken out reinsurance and the reinsurers are also joined as defendants.   The reinsurers demurred to the complaint on the ground, among others, that the complaint does not state facts sufficient to

constitute a cause of action against them. The demurrers were sustained, and plaintiff appeals.

The demurrers were properly sustained. The county has no interest in the contracts of reinsurance. Section 1454, Rev. Code 1919. There is no privity of contract between the insured and the reinsurers. 33 C. J. 57; Globe Nat. F. Ins. Co. v. Am. Bonding & C. Co., 35 A. L. R. 1349. Moreover, it appears on the face of these contracts that the reinsurers are to be liable only as indemnitors in case the insurers have become liable and have paid on the original insurance contracts. One of the provisions in the contracts of reinsurance reads as follows:

" 'Reinsurer' covenants and agrees to pay the 'reinsured' on demand * * * any sum or sums which the 'reinsured' shall become liable to pay and shall pay by virtue of said 'obligation.' "

From this provision it clearly appears that the reinsurer is to be liable to the insurer only, and to it only in case it has become liable and paid a loss to the insured.

The order appealed from is affirmed.

BROWN, P. J., and SHERWOOD, CAMPBELL, and BURCH, JJ., concur.