## THE GRECIAN.*

### THE CITY OF CHATTANOOGA.

### MERCHANTS & MINERS TRANSP. CO. v. OCEAN S. S. CO. OF SAVANNAH.

### No. 460.

Circuit Court of Appeals, Second Circuit.

July 27, 1936.

Duncan & Mount, of New York City (Russell T. Mount and Charles R. Millett, both of New York City, of counsel), for libelant-appellant.

Haight, Griffin, Deming & Gardner, of New York City (Charles S. Haight and Wharton Poor, both of New York City, of counsel), for claimant-appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This cause came before us on a previous appeal from an interlocutory decree in which certain exceptions to the claimant's answer were sustained. That decree was reversed. The Grecian (C.C.A.) 78 F.(2d) 657. Trial has now been had on the merits, and this appeal is by the libelant from a final decree in accordance with the legal principles held applicable when the case was here before. The facts which now appear are not materially different from those which were before taken as established by the pleadings for the purposes of that appeal, and the present purpose of the appellant is frankly an effort to have now corrected what it believes were the errors in our previous decision. It is in effect but a rehearing of the issues before considered and decided. A majority of the court is of the opinion that our former decision was correctly applied in the court below and that it should be given effect until and unless it is reviewed and reversed by higher authority.

Decree affirmed.

L. HAND, Circuit Judge (dissenting).

I still think that we were right in holding that the "Grecian" had not released her immunity under the Harter Act (46 U.S.C. A. § 190 et seq.), and I shall content myself with referring to what we originally said on that subject. I also still think that our construction of the provision in the tariff about insurance, which was incorporated into the bill of lading by reference, only required the "Grecian" to insure the cargo, to collect from the underwriters on the cargo's behalf and to distribute the collection ratably. That was not an undertaking to bear the loss; it contemplated a resort to marine underwriters.

*Writ of certiorari denied 57 S. Ct. 191, 81 L. Ed. ──.

If the cargo had directly insured itself, I take it nobody would have doubted that the underwriters would have been subrogated to the cargo's rights against the "Chattanooga," which by hypothesis would then be liable in full. The "Grecian's" promise was only to take out policies on the cargo, for the cargo and without cost to the cargo; it was cargo insurance quite as though the cargo had taken it. For example, had the "Grecian's" owners become insolvent, they would have held the policies in trust for the cargo. All the "Grecian" agreed to bear was the premium of the policies, which is certainly no part of the loss, because it was payable regardless of loss; it was in effect a reduction in freight rates. There is a very plain distinction between a promise personally to indemnify another and a promise to take out and collect insurance for him, one consequence of which appears in case the promisor becomes insolvent before the loss occurs. Not only would the insured have only a general claim against the insolvent owners in the first case, but he could not pursue their underwriters, for the insured is not in privity with reinsurers. United States v. Federal Surety Co., 72 F.(2d) 964 (C.C.A.4); In re Law Guarantee Trust & Accident Soc. (1915) 1 Ch. 340; Vial v. Norwich Fire Ins. Soc., 257 Ill. 355, 100 N.E. 929, 44 L.R.A.(N.S.) 317, Ann.Cas.1914A, 1141; Moseley v. Liverpool & London & Globe Ins. Co., 104 Miss. 326, 61 So. 428; Herckenrath v. American Mut. Ins. Co., 3 Barb.Ch.(N.Y.) 63; Carrington & Dougherty v. Commercial Fire & Marine Ins. Co., 14 N.Y.Super.Ct. 152; Insurance Co. of Pennsylvania v. Park & Pollard Co., 190 App.Div. 388, 180 N.Y.S. 143 (1st Dept.), affirmed 229 N.Y. 631, 129 N.E. 936; Greenman v. General Reinsurance Corporation, 237 App.Div. 648, 262 N.Y.S. 569 (2nd Dept.), affirmed 262 N.Y. 701, 188 N.E. 128; Clark County v. Bergstresser, 57 S.D. 424, 233 N.W. 276; Consolidated Real Estate Co. v. Cashow, 41 Md. 59, 74; Strong v. Phœnix Ins. Co., 62 Mo. 289, 21 Am.Rep. 417; Goodrich and Hick's Appeal, 109 Pa. 523, 529, 2 A. 209. In holding that the "Grecian's" promise was equivalent to a promise to pay the loss, we disregarded this condition inherent in all insurance, that the insurer reserves the privilege of assuming the position of the insured towards third persons. I cannot see why that right should be affected in the case at bar by the fact that the ship, a tortfeasor, was the means of procuring the insurance; she was merely the agent of the cargo, and there is no reason to impute her fault to its underwriters. For these reasons it seems to me that the judge was right the first time, and that the libellant should have full damages.

It is always embarrassing to know when one should change one's mind upon a second appeal in the same case, an embarrassment which is not allayed by the decision of the Sixth Circuit, following our own. Great Lakes Transit Corporation v. Interstate S. S. Co. (C.C.A.) —— F.(2d) ——.[1] So long as the question is one of judgment, it is idle to vacillate, but this seems to me to be a matter on which one is either right or wrong, and as I have now come to a positive opinion that we were wrong, it hardly seems just to the libellant not to say so.