EDWARD ACKERMAN, PLAINTIFF-RESPONDENT, v. SOM-
ERSET BUS COMPANY, INCORPORATED, A BODY COR-
PORATE, DEFENDANT-PROSECUTOR.

Submitted May 11, 1934—Decided November 10, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Andrew O. Wittreich.*

For the respondent, *Julius B. Cohen* and *David E. Feldman.*

The opinion of the court was delivered by

HEHER, J.   Defendant challenges an order made by the
judge of the First District Court of the city of Newark,
vacating his approval, "as to its sufficiency and form," of a
*supersedeas* bond filed with the clerk of that court, on the
taking of an appeal to this court from a judgment for
plaintiff.

The action is in tort for negligence in the operation of a motor bus owned and controlled by defendant, who holds, it seems, an insurance policy issued by the surety on the *supersedeas* bond, indemnifying it against loss sustained by reason of the negligent operation of the bus in question.

The revocation of the approval was predicated upon the theory that, inasmuch as the surety company, in accordance with the indemnity contract, conducted the defense of this action, and is thereby obligated "to pay any final judgment against the defendant," and is, therefore, "the real party in interest," the bond was "insufficient" within the intendment of the statute. It is stipulated that the surety company was, at the time of the execution of the bond, qualified and authorized to transact such a business in this state. Its solvency is not in question. Its sufficiency in the sense of ability to make justification is not challenged.

This line of reasoning is fallacious. The essential question is the ascertainment of the legislative intention and purpose. Compliance with the statutory provision for a *supersedeas* bond is a jurisdictional *sine qua non*. *Seiler* v. *Simpson*, 76 *N. J. L.* 450. But substantial conformity will suffice. The law looks upon appeals with a favorable eye, and statutes prescribing the procedure will be liberally construed. *Ruhle* v. *Caffrey*, 113 *Id.* 240; 174 *Atl. Rep.* 204. The statute provides that the appellant shall "enter into bond to the other party with *sufficient surety* * * * for the costs of the appeal * * * and for double the amount, if any, of the judgment rendered against him, conditioned for the payment thereof, if the appeal be not prosecuted by the appellant, or be dismissed * * *." *Pamph. L.* 1915, *p.* 549.

In the interpretation of this enactment, it must be borne in mind that there is an obvious distinction between the competency of a surety as laid down by the statute, and his sufficiency in the sense of ability to perform the undertaking of the bond. The surety must, of course, be competent to enter into a valid contract of suretyship, and, additionally, must possess such special qualifications as may be prescribed by the statute. Here the order in question was concededly

predicated, not on the absence of the requisite financial responsibility, but the surety's asserted incapacity to enter into this particular surety contract. And yet the statute prescribed, in this respect, no qualification except the one necessarily implied, *i. e.*, that the surety possess the capacity to enter into a contract of suretyship. The statute manifestly contemplated capacity to so contract, and the financial responsibility requisite for the security designed by the statute to be furnished to the adversary party. But it imposed no other qualification.

The fact that the surety is liable, by virtue of its indemnity contract, for the payment of the judgment is of no consequence unless made so by the statute. The manifest legislative purpose is to provide the respondent, in the event of an appeal, with security additional to that which he has by his judgment; otherwise, compliance with the statutory provision for a bond would be a vain form. But here the surety was not a joint judgment debtor, and therefore was not liable to plaintiff upon the judgment. While it seems to be conceded that the surety is liable, by virtue of the indemnity contract, for the payment of the judgment, if it should be sustained, this did not *ipso facto* create the disqualification found by the court below. Such a disability cannot be fairly implied from the language employed in the statute.

Order set aside, but without costs.