WILLIAM SMITH, an Infant, by ELIZABETH SMITH, His Guardian ad Litem, and ELIZABETH SMITH, Plaintiffs, *v.* 167TH STREET AND WALTON AVE. CORPORATION and Others, Defendants.

Supreme Court, Special Term, Bronx County, November 24, 1941.

*George W. Markey, Jr.,* for the plaintiffs.

*Phillips & Ahearn,* for the defendant 167th Street and Walton Ave. Corporation.

*Christensen & Eberlein* [*Jerome Kidder* of counsel], for the defendant Joseph Gagliano, etc.

HAMMER, J. Plaintiff infant, by guardian, and the infant's mother have had judgment in this negligence action against the three defendants, two of whom are insured. The policy in each instance is less in amount than the judgment. The insurers seek stay of execution and each has filed its sole undertaking without surety. Plaintiffs object. The purpose of section 568-a of the Civil Practice Act was to permit the insurer of a defendant, its insured, who had been held liable to a plaintiff in an amount greater than the insurance coverage, to protect itself pending appeal by giving an undertaking to perfect the appeal, and to

stay execution of the judgment or any proceedings to enforce or collect any part thereof against it. To obtain such protection the insurer is required by the section to file with the clerk of the court in which the judgment was entered (1) " a sworn statement of one of its officers, describing the nature of the ·policy and the amount of coverage thereof, together with " (2) " a written undertaking to the effect that if the judgment or any part thereof is affirmed, or the appeal is dismissed, it will pay the sum recovered * * * to the extent of the limit of liability in the policy, plus interest thereon and costs." The insurers here assert the provision for undertaking entitles the insurer to file its own sole appeal bond and does not require it to give the additional responsibility of a surety. The plaintiffs object and rely upon two well-reasoned decisions directly in point. (*Murphy* v. *Mandon Realty Co., Inc.*, 171 Misc. 521 [McCook, J.]; affd., 257 App. Div. 805; *Haikin* v. *McKenna* [Schmuck, J.], N. Y. L. J. March 29, 1939, p. 1428.) In effect, the insurers assert the provision for " a written undertaking * * * that * * * it will pay the sum recovered * * * " authorizes the insurer to file its own bond. While the decisions referred to should have completely exposed the fallacy of that suggestion, undoubtedly it is seriously urged in reliance upon the assertion of a legislative intent. But such intent does not appear in the statute and is contrary to other legislative enactments in respect of undertakings. Under section 557 of the Civil Practice Act an appeal may be taken by a person aggrieved who is not a party but is entitled by law to be substituted in place of a party, but not unless he is so substituted. Section 558 provides that a poor person defendant is not required to pay fees or to print the record or points on appeal but may submit same in typewriting. Section 564 requires that an appellant required to give an undertaking in lieu thereof may deposit a sum of money of equal amount with the clerk. Section 565 provides each undertaking must be executed by at least two sureties. Section 156 provides for the giving of a fidelity or surety company bond in place of the undertaking of two sureties. Section 568 provides for limiting the security where the appellant is an executor, administrator, trustee or other person acting in another's right or where the aggregate sum for which undertaking is to be given exceeds $50,000. Section 569 provides an undertaking may be waived by the respondent by written consent. Section 570 provides stay of execution without undertaking or other security upon an appeal taken by the People of the State or certain public officers. Subdivision 2 of rule 25 of the Rules of Civil Practice provides the

execution by one surety is sufficient, although otherwise provided by statute or rules. Except for the above-enumerated provisions there is no enactment to which attention has been called under which a person bound to pay a judgment can stay execution or enforcement. As the provisions applicable require the filing of an undertaking or a fidelity or surety company bond with sufficient surety or the deposit of money in lieu thereof, and a surety is one who binds himself for the payment of money or the performance of an act for another already bound, it follows that an insurer's undertaking or bond must be that of a person or surety company other than itself as the one principally bound. Under the statute the insurer is granted a stay upon its assumption of the liability to the extent of the insurance coverage, in the event the judgment is affirmed or the appeal dismissed. This is its direct and principal obligation for which it has indemnified the insured defendant. The policy in force is not such a direct obligation. It is a contract of indemnity. The direct obligation of the insurer under section 568-a is assumed as a condition for obtaining the right to stay execution pending appeal in which it must be understood the insurer is participating on behalf of its insured. The insurer relinquishes any defenses to liability it may have had under its policy and relies solely upon the errors assigned upon the appeal. To the extent of the insurance coverage it is in effect the defendant, and a principal. That being its position it cannot itself be a surety and the undertaking to be furnished must be that of sufficient surety which requires the bond of another. Justification denied and in each instance undertaking rejected. Settle order.