OPINION OF THE COURT
Martin Evans, J.
Plaintiff, after obtaining judgment in a medical malpractice action, moves to vacate the undertaking posted on behalf of defendant to stay execution pending appeal.
Following entry of judgment in plaintiff’s favor in the amount of $1,011,841.65, defendant then filed an undertaking in the amount of $1,000,841.65, written by his malpractice liability carrier, Employees Insurance of Wausau. Plaintiff here moves to set aside the undertaking on two grounds: (1) insufficiency of amount; and (2) identity of the insurer.
Plaintiff argues that the assumption of the new obligation on appeal by the same company already obligated under the liability policy provides no additional protection for the plaintiff judgment creditor. It contends that such an arrangement violates the hornbook rule *399 holding that a debtor cannot be its own surety. Plaintiff is in error.
Although it may be ultimately liable to the limit of its coverage on the underlying liability policy, the insurance company is not a judgment debtor primarily liable to plaintiff, who is a third-party beneficiary of the liability contract between defendant insured and the carrier. The undertaking is an unconditional promise by the insurer to pay the full amount of the judgment, or such proportion as is ultimately affirmed. By undertaking this direct, unqualified obligation, it “relinquishes any defenses to liability it may have had under its policy and relies solely upon the errors assigned upon the appeal.” (7 Weinstein-Korn-Miller, NY Civ Prac, par 5519.11, quoting Smith v 167th St. & Walton Ave. Corp., 177 Misc 507, 509.) By so doing it clearly provides greater protection to both the plaintiff and the defendant as well; it thus satisfies the manifest intent of CPLR 5519 which is to assure the continued integrity of a judgment through the appellate process, while enabling the appellant to test error without prematurely, and perhaps unnecessarily, forfeiting his property. This view is further supported by the specific wording of the statute which neither mandates that a different carrier provide the appellate undertaking, nor requires the posting of a bond.
The court also notes that a responsible, licensed insurance company occupies a substantially different position than an unknown individual surety, who may be in collusion with the judgment debtor, or unavailable or insolvent at the conclusion of the appeal. To hold otherwise would effect no legitimate societal interest, but would merely further increase the cost of litigation. Murphy v Mandon Realty Co. (171 Misc 521, affd 257 App Div 805) relied upon by Special Term in Smith v 167th St. & Walton Ave. Corp. (supra), and by movant herein, recognized that section 568-a of the Civil Practice Act (the predecessor of CPLR 5519) did not require a separate insurer to file the appellate undertaking, but nonetheless, “on principle” and without further analysis, ruled that such an undertaking was insufficient. These hold *400 ings have fallen into desuetude in the light of modern practice and should not be followed.
Plaintiff, however, validly asserts that the amount of the undertaking is insufficient. Such minor insufficiency (approximately 1% of the judgment) was most likely produced by an oversight in the adding of the $11,000 of interest and $841.65 of costs to the exactly $1,000,000 verdict, rather than an error in computation. It can be easily corrected and should not require the voiding and replacement of the original undertaking. Rather the court will regard this ground of the motion as a request for relief under CPLR 2508 for an additional undertaking, rather than as one pursuant to CPLR 2506 as an exception to surety. Defendant is therefore directed to file an additional undertaking in the amount of $11,000, within 15 days of service upon him of a copy of this decision with notice of entry. (As CPLR 2508 does not contain the 10 days’ past filing period of limitation of CPLR 2506, plaintiff is not barred from moving herein, on account of having moved some 16 days after defendant served notice of filing the undertaking.)