On Motion to Review

SCHWARTZ, Judge.
The plaintiff-appellees seek review[1] of an order denying their motion to strike a su-persedeas bond filed by the defendant-appellant, Community Health of South Dade, Inc. They contend that the surety on the bond, Foremost Insurance Company, may not act in that capacity because it is admittedly also Community’s malpractice liability carrier which provides full coverage for the judgment on appeal. We disagree. When, as here, a liability carrier is not an actual party [2] to the judgment sought to be superseded, there is no impediment to its being the surety on a bond required to stay execution upon its insured. This is the common law rule, Jayne v. W. B. Nash Lumber Co., 108 Miss. 449, 66 So. 813 (1914); Ackerman v. Somerset Bus Co., 114 N.J.L. 16, 175 A. 201 (1934); Universal Transport & Distributing Co. v. Cantu, 75 S.W.2d 697 (Tex.Civ. App.1934),[3] and Fla.R.App.P. 9.310(c), which, without any qualification, requires only a bond with a “surety company authorized to do business in the State of Florida,” seems clearly to adopt that conclusion.[4] While there is a great deal to be said for the movants’ contention that no additional security is, as a practical matter, afforded the judgment creditors in such a situation, we observe, as we did in Proprietors Ins. Co. v. Valsecchi, 385 So.2d 749 (Fla. 3d DCA 1980), that the argument is more appropriately made in support of an amendment to the pertinent rule.
Motion denied.

. Pursuant to Fla.R.App.P. 9.310(f).

. Foremost was not named a party defendant because of Sec. 768.045, Fla.Stat. (1979), which has since been voided by Cozine v. Tullo, 394 So.2d 115 (Fla. 1981).

. These cases also establish the converse proposition that an insurer may not be a surety to supersede a judgment to which it is already a party. We emphatically disagree with the accuracy of the contrary implication the carrier seeks to draw from the committee note to Fla. R.App.P. 9.310(b). It seems to us that the reference in Rule 9.310(c)(1) to the two separate capacities of principal and surety plainly itself implies that these capacities must be occupied by different parties.

. The two New York nisi prius decisions, Murphy v. Mandon Realty Co., 171 Misc. 521, 12 N.Y.S.2d 350 (S.Ct.1939), and Smith v. 167th Street & Walton Ave. Corp., 177 Misc. 507, 31 N.Y.S.2d 177 (S.Ct.1941), and the Texas case, Elliott v. Lester, 126 S.W.2d 756 (Tex.Civ.App. 1939), cited by the appellees are all based on statutory provisions, concerning the effect of a judgment against the insured upon the rights and obligations of the insurer, which have no Florida counterpart.