OPINION OF THE COURT
Arthur W. Lonschein, J.
This is an application to justify a surety.
Defendant Chrysler Corporation has taken an appeal from a verdict against it, in favor of Recon Car Corp. of New York, in excess of one million dollars. It has filed an undertaking on appeal (CPLR 5519 [a] [2]) which was executed by the Chrysler Insurance Company, as surety. The plaintiff objected to the identity of the surety.
It is undisputed that Chrysler Insurance Company, while having an independent corporate existence, is a wholly owned subsidiary of the defendant Chrysler Corporation. It is further undisputed that Chrysler Insurance Company has been duly licensed to transact insurance business in this State and has been qualified by the Superintendent of Insurance "to become surety or guarantor on all * * * undertakings * * * required or permitted by law.”
Nevertheless, plaintiff objects to Chrysler Insurance Company acting as surety, based upon the well-known principle that a party cannot act as his own surety. That principle is old and well-established, extending back more than a century (Morss v Hasbrouck, 10 Abb NC 407; Nichols v MacLean, 98 NY 458). As a general proposition, it remains a valid principle today. (Alex v Grande, 29 AD2d 616; Kreitzer v Chamikles, 107 *1088 Misc 2d 398.) The court sees no reason, however, why that principle should apply to this case.
The purpose of the undertaking on appeal is to give the respondent security, greater than that provided by the judgment, that he will be able to collect if he successfully defends against the appeal, and the proscription against a party’s acting as his own security arises from the fact that a party’s name on an appeal bond is worth no more than his name on a judgment. (Morss v Hasbrouck, supra.) Here, however, the surety is not an unknown and possibly irresponsible individual, but an insurance company, which is licensed, regulated, qualified and certified to be solvent by the State. (Insurance Law § 1111.)
Even though the surety may be controlled by the defendant, the underlying purpose of the requirement of an undertaking, the provision of security for the defendant, has been abundantly fulfilled. The surety is justified.