**Thomas J. MATTHEWS and Kathleen Matthews, Plaintiffs,**

v.

**CTI CONTAINER TRANSPORT INTERNATIONAL INC., Grato & Sons Trucking Co., Inc., Raymond Rodino, Barbara O'Connor, Dennis O'Connor, Gelco CTI Container Corp., Transatlantica Espanola, S.A., and Interpool Ltd., Defendants.**

**No. 86 Civ. 1420 (MGC).**

United States District Court, S.D. New York.

July 21, 1988.

Morris J. Eisen, P.C., New York City by Joseph P. Napoli, Arthur M. Luxenberg, for plaintiffs.

Gladstein & Isaac, New York City by Irving Rosen, for O'Connor defendants.

## MEMORANDUM AND ORDER

CEDARBAUM, District Judge.

Defendants Barbara and Dennis O'Connor, along with other defendants, are liable to plaintiffs in the sum of approximately $6.5 million on a judgment entered on a jury verdict on June 29, 1988. The O'Connors' insurance coverage totals $5.1 million.

The O'Connors have moved pursuant to Fed.R.Civ.P. 62(d) and (f) for a stay of execution of the judgment against them upon the posting of supersedeas bonds in the total amount of $5.1 million pending their appeal to the Court of Appeals. Local Civil Rule 41 provides that a supersedeas bond shall normally be in the full amount of the judgment plus 11 percent.

In an order signed on July 8, 1988, I denied the O'Connors' original request for a stay, on the ground that they had not provided any evidence concerning their financial status. Since then, the O'Connors

have submitted evidence that they are unable to procure a bond in the full amount required by Rule 41, and that they do not possess other assets sufficient to protect plaintiffs' interests in the judgment against them. The O'Connors have now renewed their request.

Subsequent to my original order, in open court, plaintiffs proposed to the O'Connors the following arrangement: if the O'Connors pay now approximately $1.35 million (the 18 percent proportionate share of the damages for which the jury found the O'Connors responsible), plaintiffs will not seek to execute further against them until after the disposition of their appeal, and will never execute on them beyond the $5.1 million amount as to which they are insured. In addition, should the O'Connors prevail on appeal, plaintiffs will return the $1.35 million. Through their personal attorney, who has not filed a formal appearance in this action, the O'Connors have made plain their desire to accept this offer, which would insulate them from any personal financial obligation. They have asked their insurance companies, who represented them at trial, to accept the offer. The insurance companies, which assert that they have the contractual right to decide whether the offer will be accepted, are still considering it, and have been doing so for some time.

Under federal law, in nearly all cases in which courts have permitted stays of execution upon a bond in less than the full amount of the judgment, the judgment debtor has had assets sufficient to protect the creditor's interest in the judgment. *See Trans World Airlines, Inc. v. Hughes,* 314 F.Supp. 94 (S.D.N.Y.1970), *aff'd in relevant part,* 515 F.2d 173 (2d Cir.1975), *cert. denied,* 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976); *Federal Prescription Service, Inc. v. American Pharmaceutical Association,* 636 F.2d 755 (D.C.Cir.1980); *see also Texaco Inc. v. Pennzoil Co.,* 784 F.2d 1133 (2d Cir.1986), *rev'd on other grounds,* —— U.S. ——, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). The O'Connors, who do not have such assets, have pointed to several decisions in which defendants without assets sufficient to protect the plaintiff's interests nevertheless have obtained stays

without posting a bond in the full amount of the judgment. *See Miami International Realty Co. v. Paynter,* 807 F.2d 871 (10th Cir.1986); *International Distribution Centers, Inc. v. Walsh Trucking Co.,* 62 B.R. 723 (S.D.N.Y.1986); *C. Albert Sauter Co. v. Richard S. Sauter Co.,* 368 F.Supp. 501, 520–21 (E.D.Pa.1973). In all of those cases, however, the judgment debtors would otherwise have been in danger of being driven into bankruptcy pending appeal. *See Paynter,* 807 F.2d at 874; *International Distribution,* 62 B.R. at 732; *Sauter,* 368 F.Supp. at 520. That critical factor is not present in this case since the O'Connors have been offered an arrangement that would protect them from insolvency on account of this judgment not only pending appeal but forever. Therefore, the O'Connors have not shown "irreparable injur[y]," *Texaco Inc. v. Pennzoil Co.,* 784 F.2d at 1154, or the "unusual circumstances," *id.* at 1155; *see United States v. Kurtz,* 528 F.Supp. 1113, 1115 (E.D.Pa.1981), required under federal law for the grant of a stay upon the posting of a bond in less than the full amount of the judgment.

■ Nor are the O'Connors entitled to a stay under state law, as made applicable here by Rule 62(f). Under New York law, a bond in the full amount of the judgment may be dispensed with "only when the judgment creditor is afforded definite and certain recourse to some other means for the enforcement of his judgment." *McNamara v. Powell,* 55 N.Y.S.2d 483, 485 (Sup. Ct.Oneida Cty., *aff'd,* 296 A.D. 813, 56 N.Y.S.2d 411 (4th Dept.1945). The judgment creditor "cannot be compelled to assume any risks...." *Id. See generally* 7 Weinstein–Korn–Miller, *New York Civil Practice* § 5519.14 (1987). Such is plainly not the case here.

■ A second branch of this application, made in the alternative, seeks leave to file supersedeas bonds in the total amount of $5.1 million so as to stay enforcement of the judgment against the O'Connors to that extent and to protect the insurance companies against enforcement of their indemnity

pending appeal. This application is made by the attorney retained by the O'Connors' insurance companies to represent the O'Connors in this action. Although brought in the name of the O'Connors, the application is clearly made in behalf of and for the protection of their insurers. It is plainly against the O'Connors' interests since it would, if granted, leave the O'Connors unable to accept the offer made by plaintiffs, which is extremely favorable to them personally. For this reason, insofar as the application is a matter within my equitable discretion under Rule 62(d), I decline to approve a partial supersedeas bond.

I turn, then, to the question of whether Rule 62(f) requires me to grant this application. Were this case in state court, the insurers themselves would be permitted under New York Civil Practice Law & Rules (CPLR) § 5519(b) to obtain a stay to the extent of the policy coverage. However, Rule 62(f) provides only that a "judgment debtor" is entitled in federal court to the benefits of state law concerning stays. I have found no decisions interpreting the term "judgment debtor" as it appears in Rule 62(f), and I therefore interpret it according to its plain meaning. Since there is no judgment against the insurance companies in this action, the insurance companies are not judgment debtors. *Cf. Kreitzer v. Chamikles,* 107 Misc.2d 398, 399, 434 N.Y.S.2d 123, 124 (S.Ct.N.Y. Co.1980). This is so even though, under state law, they become directly liable on the judgment *after* obtaining a stay under § 5519(b), because in order to obtain the stay they must voluntarily assume such liability, much as a surety does. *See* § 5519(b)(1); *Kreitzer v. Chamikles, supra; cf. Smith v. 167th Street and Walton Ave. Corp.,* 177 Misc. 507, 31 N.Y.S.2d 177 (S.Ct.Bronx Co.1941). Nor is this outcome altered by N.Y.Ins.Law § 3420(a)(2), which permits a judgment creditor to bring an action directly against the insurer when the judgment remains unsatisfied for thirty days. Nothing in § 3420 suggests that the judgment creditor can execute on the judgment against the judgment debtor's insurer. Rather, § 3420 merely provides for liability in the event that the judgment

creditor, as a third-party beneficiary of the insurance contract, brings a separate suit against the insurer. *See Kreitzer v. Chamikles,* 107 Misc.2d at 399, 434 N.Y.S.2d at 124. In any event, even if the insurance companies are considered judgment debtors, Rule 62(f) stays execution only as against property of the judgment debtor on which the judgment creditor obtains a lien under state law by virtue of the judgment. *See Van Huss v. Landsberg,* 262 F.Supp. 867 (W.D.Mo.1967); *The Island Queen,* 152 F. 470 (W.D.Pa.1907) (construing statutory predecessor to Rule 62(f)); 7 J. Moore and J. Lucas, *Moore's Federal Practice* ¶ 62.08 (2d ed. 1987). The insurance companies have no property against which the plaintiffs have a lien.

For the reasons stated above, these applications are denied.

SO ORDERED.