**FEDERAL INSURANCE COMPANY,**
**Plaintiff,**

v.

**The COUNTY OF WESTCHESTER,**
**Defendant.**

**No. 89 Civ. 2497 (JSR) (MDF).**

United States District Court,
S.D. New York.

April 8, 1996.

---

Lawrence E. Leykam, Daniel E. Katz, Ross & Cohen, LLP, New York City, for plaintiff.

Vincent M. Cascio, Syma B. Funt, Annette Hasapidis–Marshall, Westchester County Dept. of Law, White Plains, NY, for defendant.

## OPINION AND ORDER

RAKOFF, District Judge.

The primary legal issue raised by this application for a stay pending appeal is whether Rule 62(f) of the Federal Rules of Civil Procedure automatically accords a political subdivision of the State of New York the same right to a stay as the subdivision would have under New York Law. The Court concludes that it does not.

### Background

On March 7, 1996, Magistrate Judge Fox, before whom this diversity action was tried on consent, issued a final judgment ordering defendant The County of Westchester (1) to pay damages to plaintiff Federal Insurance Company in the sum of $2,639,436.25; (2) to return to Federal Insurance all cash, bonds, and other securities held as "retainage," together with all proceeds and interest earned thereon; and (3) to furnish Federal Insurance with a full accounting of the retainage.[1] After filing a notice of appeal in the Second Circuit, the County moved, by order to show cause, for an order of the District Court staying execution of the judgment pending appeal. *See* Rule 8(a), Fed.R.App.P. 8. In its supporting papers, the County argued that it was entitled to a stay, without having to post a bond, *either* as a matter of right under Rule 62(f), Fed.R.Civ.P., *or* as a matter of discretion under Rule 62(d), Fed.

1. In the context of construction contracts, "retainage" refers to a percentage of payments otherwise due for completed construction that the purchaser, pursuant to agreement among the parties, is permitted to hold back for a specified period as security against inadequacies in the contractor's performance. The monies so withheld are kept in a "retainage account," on which interest and other income may be earned. The contractor may withdraw cash sums from the retainage account by substituting securities of equivalent market value.

R.Civ.P. *See generally, Texaco, Inc. v. Pennzoil Co.,* 784 F.2d 1133, 1154 (2d Cir. 1986), *rev'd on other grounds,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987); *Morgan Guaranty Trust Co. Of New York v. Republic of Palau,* 702 F.Supp. 60, 65 (S.D.N.Y. 1988); *Trans World Airlines, Inc. v. Hughes,* 314 F.Supp. 94, 96 (S.D.N.Y.1970).

On March 13, 1996, upon receipt of the proposed order to show cause, the Court held a hearing, at which counsel for both sides appeared and argued. In the course of the hearing, the County relinquished its request for a stay of so much of Magistrate Judge Fox's judgment as requires defendant to supply an accounting of the retainage. In fact this accounting has now been supplied. (*See* Affidavit of Peter P. Pucillo, dated March 25, 1996, stating total of retainage account as $2,549,398.16 as of February 29, 1996.) Accordingly, the Court need no longer consider this portion of the request for a stay.

Following the hearing, the Court granted a temporary stay pending receipt of further written submissions on the issues presented. The Court, having now reviewed the submissions of the parties and the relevant authorities, hereby lifts the temporary stay and denies the County's motion for a stay except to the extent consented to by Federal Insurance, as set forth below.

## Discussion

■ *First,* the Court concludes that a stay under Fed.R.Civ.P. 62(f) is not available to the defendant in this case. Rule 62(f) provides as follows:

> **Stay According to State Law.** In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

It is uncontested that if this action had been maintained in the courts of New York, the County would be entitled to an automatic stay pending appeal (without having to post a bond) pursuant to CPLR 5519(a)(1). But Rule 62(f) adopts the stay provisions of the

forum state only where the underlying judgment is "a lien upon the property of the judgment debtor" in that state (i.e., where there is the functional equivalent of a bond in terms of security). Here, New York law expressly precludes the filing of such a lien. *See* CPLR 5203(a)(1), (5).

As Judge Eginton stated in *Marandino v. D'Elia and JOFR Assocs.,* 151 F.R.D. 227, 229 (D.Conn.1993): "Rule 62(f) is unambiguous. As a prerequisite, a judgment must be a lien in the state where the district is located." *See also Matthews v. CTI Container Transport Int'l Inc.,* 689 F.Supp. 348, 351 (S.D.N.Y.1988). Since this condition is not met in this case, The County is not entitled to a stay pursuant to Rule 62(f).

It is true that one federal court eliminated this prerequisite in a case where, to do otherwise, would have effectively contravened what the court found was a strong policy of the forum state favoring stays without security in certain cases. *See Castillo v. Montelepre, Inc.,* 999 F.2d 931 (5th Cir.1993). In the instant case, as CPLR 5519(a) makes evident, a strong state policy likewise obtains, favoring automatic stays without security where the judgment debtor is a political subdivision. But the court in *Castillo* never explains how any such policy consideration can override the plainly expressed requirement of Rule 62(f) that the underlying judgment be a lien.

Even as a matter of policy, moreover, the argument is unpersuasive, because Rule 62(f), on its face, represents a considered balance between state and federal interests, neither of which is given priority. Thus, as even the court in *Castillo* acknowledged, while one purpose of Rule 62(f) is to allow judgment debtors to receive in a federal forum the same rights to a stay as they would receive in their state forum, "[t]his purpose ... is qualified by the requirement that the state forum treat judgments as a lien, or encumbrance, on the property of judgment debtors. The purpose behind this [additional] requirement is also plain: judgment creditors must be afforded security while judgment debtors appeal." *Id.* This latter purpose clearly reflects a federal policy de-

termination that judgment creditors must be afforded security by *all* judgment debtors, not just by those from whom state law requires security, and that the security must take the form of a lien, and not some lesser or different security. For if it were otherwise, the rule would have been drafted as a simple adoption of state rules of stay, rather than with the prerequisite that the state forum treat judgments as a lien. It is highly unlikely that the draftspersons of Rule 62(f) were unaware of the special consideration afforded political divisions in seeking stays under the laws of many states; it must be inferred, therefore, that their declining to adopt such provisions where the security of a lien was lacking was a conscious and deliberate policy choice. Accordingly, neither the letter nor the purpose of Rule 62(f) affords any relief to the movant here.

*Second*, the Court concludes that the defendant is likewise not entitled to a stay without bond under Fed.R.Civ.P. 62(d). In the familiar formula of the Supreme Court, determination of whether an appellant is entitled to a stay under Rule 62(d) requires the court to assess: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). If an appellant qualifies for a stay under this four-part test, the district court has some discretion to dispense with the further requirement of a bond, *see Morgan Guaranty*, 702 F.Supp. at 65, *supra;* but the Court need not reach this further issue here, for (as the Court preliminarily indicated at the March 13 hearing) the County has failed to carry its burden under the four-part test.

As to the first prong of the test, for example, the County's "strong showing" of success on the merits consists of nothing more than a cursory enumeration of the arguments the defendant plans to raise on appeal. Although the County claims that these arguments raise important issues of law, it offers not a single case citation to support this claim but instead simply recites certain of its factual contentions with which Judge Fox disagreed. Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk. Nonetheless, the Court has reviewed Magistrate Judge Fox's lengthy and careful opinion against the background of the County's claims and finds itself wholly unpersuaded of the County's likelihood of success on appeal.

The County's showing with respect to each of the other prongs of the four-part test is similarly conclusory, and therefore merits no better response than to say that it is insufficient on its face and unconvincing on its merits. Accordingly, the County is not entitled to a stay under Rule 62(d).

*Third*, notwithstanding the foregoing, Federal Insurance has represented that it will consent to a stay of the damages portion of the judgment (the only portion that would require the County to obtain new funds) *provided* the defendant files an appeal bond meeting the requirements of Fed.R.App.P. 8(b). (*See* Affidavit of Lawrence E. Leykam, sworn to March 20, 1996, at ¶ 3). If the defendant pursues this alternative, the stay of the damages portion of the judgment will take effect when the supersedeas bond is approved by the Court. *See* Fed.R.Civ.P. 62(d). Until such time, the stay of the damages portion of the judgment is denied.

*Fourth* and finally, in no event will the Court continue the stay as concerns the retainage portion of the judgment (which, as the Court understands, now amounts to over $2.5 million in cash, bonds, and other securities). As indicated above, the County has not demonstrated its entitlement to a stay under either Rule 62(c) or Rule 62(d), and Federal Insurance's consent to a bond-secured stay extends only to the damages portion of the judgment. The County's arguments for retaining the retainage pending appeal are particularly unpersuasive.

The County's only justification for not previously returning the retainage principal is that it could serve as a set-off if the Court awarded the County more on defendant's

counterclaims than it awarded Federal Insurance on plaintiff's claims. This has not occurred below, and the Court's review of Magistrate Judge Fox's opinions convinces the Court that it is unlikely to occur on appeal.

■ As for interest and other income earned on the principal in the retainage account, it appears that there never was any justification for the County's withholding this money from Federal Insurance. In particular, Section 106 of New York's Municipal Law (McKinney's 1986), which governs retainage arrangements involving municipalities, expressly provides that: "[t]he fiscal officer of the political subdivision or district therein, from time to time, shall collect all interest and income on the [retainage] obligations so deposited, and shall pay the same, *when and as collected,* to the contractor who deposited such obligations." (Emphasis supplied.) Thus, The County's prolonged and continuing refusal to pay over to plaintiff the interest and other income on the retainage principal is and remains unlawful, and casts further doubt on the bona fides of the defendant's equitable entitlement to any stay whatever.

Accordingly, it is the order of the Court that the temporary stay previously granted is hereby lifted, and that the County's motion for a stay pending appeal is hereby denied in all respects, except that, upon the posting of a court-approved supersedeas bond meeting the requirements of Fed.R.App.P. 8(b) and Fed.R.Civ.P. 62(d), the stay of the damages portion of the judgment will be reinstated.

SO ORDERED.