**ENDRESS + HAUSER, INC., et al., Plaintiff,**

**v.**

**HAWK MEASUREMENT SYSTEMS PTY. LTD., et al., Defendant.**

**No. IP 92–440C B/S.**

United States District Court, S.D. Indiana, Indianapolis Division.

July 24, 1996.

## ENTRY

BARKER, Chief Judge.

Hawk Measurement Systems Pty. Ltd. ("Hawk Australia") and Hawk America Inc. ("Hawk America")[1] have moved pursuant to Fed.R.Civ.P. 62(d) for a stay, pending appeal, of execution of the judgment order entered in favor of Endress + Hauser, Inc. and Endress + Hauser GmbH & Co. ("Endress + Hauser") in the amount of $256,092.00. Specifically, Hawk requests that we enter an order allowing it to make payments to the Clerk of the Court in the amount of $5,000 per month as an alternative to posting a supersedeas bond. For the reasons discussed below, Hawk's motion is **DENIED**.

### I. BACKGROUND

This case has a rather long and contentious history in this court. Endress + Hauser filed its complaint on April 14, 1992, alleging patent infringement. A trial on infringement issues was held from April 8 through April 13, 1994, and on August 29, 1994, we found that Hawk's device employed means equivalent to structures described in Endress + Hauser's patent (the "Snyder patent"), and thus, that Hawk infringed the Snyder patent. On September 8, 1994, Hawk filed a motion to reconsider which, after careful consideration, we denied on November 3, 1994. A second trial on damages and patent validity issues was held from April 3 to April 6, 1995. On June 27, 1995 we found that Hawk had failed to produce sufficient evidence that the relevant claims in the Snyder patent were invalid, and on August 4, we entered final judgment for Endress + Hauser in the amount of $256,-092.00. Shortly thereafter, Hawk filed separate motions to alter and amend the findings of fact, conclusions of law and judgment regarding damages and infringement. Both motions to alter and amend were denied on

1. Henceforth, we shall refer to defendants collectively as "Hawk".

2. Endress + Hauser's argument that the test described in *Standard Havens* is inapplicable is without merit. Although *Standard Havens* holding was based upon facts which are not present in this case, that does not mean that the legal test applied in *Standard Havens* is inapplicable here.

January 26, 1996. On February 26, 1996, Hawk filed a notice of appeal to the Federal Circuit. Now Hawk comes before us with their motion to stay execution of judgment pending appeal, pursuant to Fed.R.Civ.P. 62(d).

### II. ANALYSIS

■ Ordinarily, to get a stay of execution of judgment pursuant to Rule 62(d), the movant must post a supersedeas bond for the full amount of the judgment. Fed.R.Civ.P. 62(d); *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615 (7th Cir.1992); *Olympia Equipment v. Western Union Telegraph Co.*, 786 F.2d 794 (7th Cir.1986). Initially, we must decide whether Hawk is entitled to a stay pending appeal. If we find that a stay is appropriate, we must then decide whether to waive the supersedeas bond requirement and allow some form of alternate security in lieu of a bond for the full amount of the judgment.

### A. Issuance of Stay Pending Appeal

■ To determine whether Hawk is entitled to a stay under Rule 62(d), we must assess: "(1) whether [Hawk] has made a strong showing that [it] is likely to succeed on the merits; (2) whether [Hawk] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Standard Havens Products Inc. v. Gencor Industries, Inc.*, 897 F.2d 511, 512 (Fed.Cir.1990); *Federal Ins. Co. v. County of Westchester*, 921 F.Supp. 1136, 1139 (S.D.N.Y.1996).[2] Where the latter three factors favor a stay, Hawk need only demonstrate a "substantial case on the merits" to

Furthermore, the fact that the rule at issue in *Standard Havens* was Fed.R.App.P. 8 and the rule at issue here is Fed.R.Civ.P. 62(d) is also irrelevant because, as the Supreme Court made clear in *Hilton*, the same formula applies under both rules. 481 U.S. at 776, 107 S.Ct. at 2119 (although different rules of procedure govern the power of district courts and courts of appeal to grant a stay, the same factors apply under both rules).

warrant issuance of a stay under Rule 62(d). *Morgan Guaranty Trust Co. v. Republic of Palau*, 702 F.Supp. 60, 65 (S.D.N.Y.1988), citing *Washington Metropolitan Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977). We find that Hawk has failed to demonstrate even a "substantial case on the merits," let alone a "strong showing," with regard to its likelihood of success on the merits of an appeal. Hawk merely references its previous motions to reconsider and to alter and amend, both of which were denied; states that each of those motions raised serious questions regarding the accuracy of this court's judgment; and notes that the Federal Circuit will apply a *de novo* standard of review. In *County of Westchester*, the District Court for the Southern District of New York was "wholly unpersuaded of the appellant county's likelihood of success on appeal," and denied a stay, where:

> the County's 'strong showing' of success on the merits consists of nothing more than a cursory enumeration of the arguments the defendant plans to raise on appeal. Although the County claims that these arguments raise important issues of law, it offers not a single case citation to support this claim but instead simply recites certain of its factual contentions with which [the Magistrate] disagreed. Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk.

921 F.Supp. at 1139. We agree with the *County of Westchester* court that mere recitation of arguments previously made and rejected, or in this case, mere reference to prior motions to reconsider and to alter and amend, all of which were denied, is not nearly enough to persuade us that Hawk is likely to succeed on appeal. To the contrary, the fact that we have already reconsidered and stood by our decision several times leads us to conclude that the appeal is quite *unlikely* to succeed on appeal. Therefore, we find that Hawk has failed to persuade us of its likelihood of success on appeal, and is therefore not entitled to a stay under Rule 62(d). However, even assuming that Hawk is entitled to a stay under Rule 62(b), its motion nevertheless must fail because Hawk has not proposed a plan to provide security that would adequately protect Endress + Hauser's interest pending appeal.

### B. Alternate Security in lieu of Supersedeas Bond

■ An appellant is entitled to a stay of execution of judgment as a matter of right if they post a supersedeas bond in the full amount of the judgment. Fed.R.Civ.P. 62(d); *Federal Prescription Service v. American Pharmaceutical Assoc.*, 636 F.2d 755, 759 (D.C.Cir.1980). However, the court may in its discretion approve an alternate security arrangement. The power of the court to waive the supersedeas bond requirement is exercised only in "extraordinary circumstances", and only where alternative means of securing the judgment creditor's interest are available. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 1992 WL 114953 at *1–2 (E.D.Pa.); *Morgan Guaranty Trust*, 702 F.Supp. at 65 ("the district court has discretion to grant a stay of judgment with no supersedeas bond or with only a partial supersedeas bond if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery"). It is Hawk's burden to demonstrate that posting a full bond is impossible or impracticable, and to propose a plan that will provide adequate security for the appellee. *Id.*

#### 1. Impossibility of posting a full bond

Hawk claims that it "is neither in a position to post a $256,000 bond nor to survive execution of the judgment . . ." (Hawk Memorandum, at 5). Hawk has provided the sworn statements of Leslie Richards, Managing Director of Hawk Australia, and of accountant Graeme Dickenson, along with a consolidated balance and other financial documents, to document its precarious financial state. The record shows that the Hawk companies have a combined negative net worth of $4.5 million, and that Hawk currently maintains a cash account of only $60,000—$70,000, which it uses to pay ongoing business expenses such as employee salaries and rent. (Hawk Memorandum, at 4; Exh. 1, 2).

Hawk states that it has contacted two bonding companies in the United States, both

of which declined to issue an appeal bond "due to Hawk's relatively desperate financial condition". (Declaration of Leslie Richards, at ¶ 10). Hawk further states that it is "unaware of any bank which would loan Hawk an amount adequate to post a cash bond." (*Id.*). Endress + Hauser, while skeptical about Hawk's claimed financial woes, provides nothing more than speculation to counter Hawk's evidence of financial distress. We therefore find that Hawk is unable to provide a cash bond or obtain a supersedeas bond.

### 2. Alternate Security

■ Having determined that it would be impossible for Hawk to post a full bond, we are now faced with two alternatives: we must either allow Hawk to post some form of alternate security, or deny the stay and allow Endress + Hauser to execute its judgment by seizing and selling Hawk's assets. *See, Olympia Equipment*, 786 F.2d at 797. We can, in our discretion, "fashion some other arrangement for substitute security ... *which would furnish equal protection to the judgment creditor." Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979) (emphasis added); *see also, U.S. v. Kurtz*, 528 F.Supp. 1113, 1114 (E.D.Penn.1981), *aff'd*, 688 F.2d 827 (3rd Cir.1982), *cert. denied*, 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982) (Rule 62(d) "plainly dictates that in the ordinary case execution on a judgment for money should not be stayed unless the party that prevailed in the district court is secured from loss."). Thus, the issue is one of the adequacy of alternate security to protect Endress' interest. *Olympia Equipment*, 786 F.2d at 797.

Although we are satisfied that Hawk's financial condition is such that it is unable to post a full bond, Hawk has utterly failed to satisfy its burden of proposing an plan to provide adequate alternate security for Endress + Hauser. Hawk's proposal to pay $5,000 per month to the clerk of court would, at the end of eighteen months (the time we estimate for appeal) equal only $90,000, or approximately 35% of the total judgment. While Endress + Hauser is not opposed in principle to a plan whereby Hawk pays a certain amount of cash to the Court each month in return for a stay of execution, it would only agree to such a plan if the monthly payments were large enough so that the total of those payments over the period of appeal would equal the amount of the judgment plus interest and costs. Such a plan would require monthly payments of at least $14,500. (Endress + Hauser's Response, at 5). Hawk replies that it could not afford to pay that amount without rendering itself insolvent. (Hawk Reply, at 4). Neither monthly payment plan is acceptable, for Hawk's proposed security is clearly inadequate to protect Endress + Hauser's interest, and Endress + Hauser's proposal would place Hawk in the same position as if it were required to post a bond or satisfy the judgment.

As an alternative to higher cash payments, we might suggest that Hawk supplement its proposed $5,000 monthly cash payments by granting Endress + Hauser a secured interest in Hawk's property and assets. However, Hawk has already granted security interests to its other creditors, including trial counsel, which would have priority over a later secured interest granted to Endress + Hauser. Therefore, even a secured interest would do little to protect Endress + Hauser's interest in collecting the judgment to which it is entitled. Other forms of alternate security also appear implausible in this case. Courts have granted stays on the condition that the judgment debtor post a partial bond while maintaining a net worth sufficient to secure the remainder of the judgment, *Trans World Airlines, Inc. v. Hughes*, 314 F.Supp. 94, 96 (S.D.N.Y.1970), *approved*, 515 F.2d 173 (2d Cir.1975), *cert. denied*, 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976) (where obtaining a bond to stay judgment of $145.4 million was impractical, court approved plan whereby appellant posted $75 million bond, and was required to maintain a net worth equal to three times the judgment); and where appellant posted real property security with a value twice the amount of the judgment, and there was little chance that appellant would suffer business reversals during appeal such that it would be unable to satisfy the award. *Brooktree Corp. v. Ad-*

vanced Micro Devices, Inc., 757 F.Supp. 1101, 1104–05 (S.D.Cal.1990). Even if Hawk could post a partial bond, it currently maintains a multi-million dollar negative net worth and, unless its financial situation improves drastically, it does not appear likely that it could more readily satisfy the judgment after an appeal than it could now, which is to say there is absolutely no assurance it would ever be able to pay.[3] In sum, the alternate security proposed by Hawk is inadequate to protect Endress + Hauser's interest, and we are unable to think of any other alternate arrangement which, considering Hawk's financial situation, would adequately protect Endress + Hauser's interest.[4]

Hawk's position seems to be that because it is in dire financial straits, and because Endress + Hauser is a large, financially secure company, we should not be concerned with protecting Endress + Hauser's interest in collecting the judgment but should instead focus all our attention on protecting Hawk from bankruptcy. What Hawk fails to understand is that a supersedeas bond is essentially a "judgment insurance policy", Townsend v. Holman Consulting Corp., 881 F.2d 788, 797 (9th Cir.1989), and that alternate security must serve that same basic purpose. Even large, well-to-do companies have a legal right to collect judgments they have won in litigation. Hawk states that "[w]hen Endress sued Hawk, it was well aware that Hawk was a small, struggling company unable to respond to a judgment for money damages." (Hawk Memorandum, at 7). If by this Endress means to suggest that those with shallow or empty pockets should not be held accountable for legal judgments against them, it is mistaken. If anything, Hawk's

statement indicates that Hawk, knowing all along that it could not respond to a judgment, should have taken the option of settlement more seriously. Instead, Hawk gambled by taking the case to trial, and lost. "Now that [Endress] has carried its burden and possesses a judgment, it is entitled to be made secure during the steps leading to the final disposition." BASF, 979 F.2d at 617. At this late stage, after years of contentious litigation, we are unwilling to unilaterally impose what is essentially a structured settlement, especially not one that would not adequately protect Endress' interest in collecting its judgment. Thus, we are left with the option of denying Hawk's motion and allowing Endress + Hauser to collect its judgment by seizing and selling Hawk's assets. Hawk asks us not to do this because it would force them into bankruptcy. However, in the words of Judge Easterbrook, there is "no reason to treat bankruptcy as a bogeyman, as a fate worse than death." Olympia Equipment, 786 F.2d at 802 (Easterbrook, concurring). The majority opinion in Olympia Equipment, while it upheld the district court's allowance of alternate security under an abuse of discretion standard, stated that "[a]s bankruptcy is a legally authorized method of sorting out the claims of competing creditors there is an argument for allowing [the judgment creditor] to perfect its claim and take its chances, in bankruptcy, with the other creditors, if that is what [it] wants to do." Id., at 799. Endress + Hauser appears willing to take that chance, and we will allow it.

Finally, we wish to express our belief that allowing a vastly reduced security which would not protect Endress + Hauser's right

3. Hawk's unsupported assertion that it "anticipate[s] that, at some presently indeterminate time in the future, they would begin operating in the black rather than in the red", (Declaration of Leslie Richards, at ¶ 12) is mere speculation upon which we cannot rely for the protection of Endress + Hauser's interest.

4. See, Triton Container Int'l Ltd. v. Baltic Shipping Co., 1996 WL 28511 (E.D.La.) (where debtor's "financial condition is bleak" and debtor has many creditors, $2 million is inadequate to secure $2.7 million judgment). At least one district court has gone so far as to state that "in order to obtain the posting of alternative security, the

judgment debtor must demonstrate a present financial ability to facially respond to a money judgment and be willing to present to the court a financially secure plan for maintaining that same degree of solvency during the appeal." Avirgan v. Hull, 125 F.R.D. 185, 187 (S.D.Fla.1989), citing, Poplar Grove, 600 F.2d at 1191. While we do not think it necessary that the judgment debtor have a present financial ability to respond to a money judgment in full, we do think the judgment debtor must at least be able to provide some form of security which would protect the judgment creditor's right to collect the full judgment plus costs and interest.

to payment in full would set a very dangerous example, giving the impression that firms that are bankrupt or in danger of bankruptcy can infringe (or commit other violations) with impunity simply because they have shallow rather than deep pockets. *See, id.* at 803 (Easterbrook, J., concurring).

### III. CONCLUSION

We find that Hawk is not entitled to a stay of execution of judgment pending appeal because of its failure to demonstrate a likelihood of success on the merits of its appeal. Furthermore, even if a stay were appropriate, we find that Hawk is financially unable to post a supersedeas or cash bond for the full amount of the judgment, that the alternate security proposed by Hawk is inadequate to protect Endress + Hauser's interest in collecting its judgment, and that due to Hawk's desperate financial state, Hawk could provide no form of security which would adequately protect Endress + Hauser's interest. Therefore, Hawk's motion to stay execution of judgment pending appeal is hereby **DENIED.**

It is so ORDERED.